(86 South. 601)

No. 24326.

JENKINS v. SALMEN BRICK & LUMBER CO., Ltd.

In re SALMEN BRICK & LUMBER CO., Ltd.

(Nov. 3, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Prohibition** ⬅➡4—Not writ of right, but largely discretionary.

Prohibition is not a writ of right, but is largely discretionary with the court, especially in appealable cases.

2. **Prohibition** ⬅➡3(2)—Not issued for failure to allege jurisdictional facts determinable on appeal.

Where plaintiff did not allege the grounds of jurisdiction conferred by Act No. 267 of 1914, § 25, par. (d), allowing suit against corporation in the parish where is "located the particular office which had supervision of the transaction from which the cause of action arose," but the judge cited such statute in maintaining jurisdiction, prohibition against maintaining the suit will be denied, and the question of jurisdiction will be left to determination on appeal.

3. **Corporations** ⬅➡503(2)—Action under Compensation Act maintainable in parish where corporation had office which supervised transaction.

Act No. 267 of 1914, § 25, par. (d), which allows a suit to be brought against any corporation in the court of the parish where is "located the particular office which had supervision of the transaction from which the cause of action arose," applies to suits brought under the Workmen's Compensation Act.

Monroe, C. J., dissenting.

Application by the Salmen Brick & Lumber Company, Limited, for writs of certiorari and prohibition in connection with the case of Euclid E. Jenkins against the Salmen Brick & Lumber Co., Limited. Application for prohibition denied.

J. C. Henriques, of New Orleans, and F. T. Doyle, for applicant.

PROVOSTY, J. A plea to the jurisdiction ratione personæ having been overruled below, defendant filed in this court the present application for a writ of prohibition.

[1, 2] Plaintiff brought his suit in the parish of St. Tammany, upon the allegation that the defendant company had its principal business establishment there, although domiciled in the parish of Orleans. For maintaining his jurisdiction the learned respondent judge cites paragraph (d) of section 25 of Act 267 of 1914, which allows a suit to be brought against any corporation in the court of the parish where is "located the particular office which had supervision of the transaction from which the cause of action arose." Plaintiff has not alleged that the office of the defendant company in St. Tammany "had supervision of the transaction from which the cause of action arose." However,

as such may be the fact, and as prohibition is not a writ of right, but largely discretionary with the court, especially in appealable cases, we will not order the writ to issue, but will leave the question of jurisdiction to be decided on appeal, should one ever be taken. The appellate court will be in a position to know. whether the cause of action arose out of a transaction over which the St. Tammany office of the defendant company had supervision.

[3] We are the more inclined to this course from the probability of the cause of action having so arisen. For the suit is under the Workmen's Compensation Act (Acts 1914, No. 20, as amended Acts 1916, No. 243, Acts 1918, No. 38) for injury suffered while working on the bridge for the defendant company in the parish of St. Tammany, which work was most likely under the supervision of the office in that parish.

Defendant's learned counsel says that the said statute does not apply to suits under the said act; but he gives no reason and cites no authority in support of that assertion. It appears to be without foundation, and amenable therefore to the maxim, "Quod gratis affirmatur gratis quoque negatur."

The application for prohibition is therefore denied, at the cost of applicant.

MONROE, C. J., dissents.