(91 South. 516)

No. 25102.

ABADIE et al. v. NATIONAL PETROLEUM CORPORATION.

In re NATIONAL PETROLEUM CORPORATION.

(March 27, 1922. Rehearing Denied April 24, 1922.)

*(Syllabus by Editorial Staff.)*

1. Corporations ⬡⟳666—Provision of statute as to venue of suits held to control over previous conflicting provision.

Act No. 179 of 1918, § 1, par. 6, subd. (f), requiring suits against foreign corporations to be brought either in the parish of the corporation's domicile, or where it has its main office, or where the cause of action arose, being the last expression of the legislative will, controls over subdivision (d), requiring such actions to be brought in the parish where the cause of action arose or the parish of the residence of its agent for service of process.

2. Corporations ⬡⟳666—Office having supervision of all affairs in state held "main office" as respects venue.

Act No. 179 of 1918, § 1, par. 6, subd. (f), authorizing suits against foreign corporations to be brought in the parish where the corporation has its "main office," does not mean the office in which the company maintains an agent for service of process, and in the absence of contrary proof an office having supervision of

all the corporation's affairs in the state must be deemed its main office

O'Niell, J., dissenting.

Action by John Abadie and others against National Petroleum Corporation. A plea to the jurisdiction was overruled, and defendant applies for writs of certiorari and prohibition. Application rejected.

C. A. Buchler, of Gretna, for applicant.

E. J. Meral and D. H. Théard, both of New Orleans, for respondents.

By the WHOLE COURT.

PROVOSTY, C. J. The trial judge having overruled a plea to his jurisdiction ratione personæ, the defendant has applied to this court for the writs of certiorari and prohibition.

Defendant is a foreign corporation. The suit was brought in the parish of Orleans where the office having supervision of all the affairs of defendant in the state is kept. Defendant contends that the suit, being ex delicto, should have been brought either in the parish of Jefferson, where the cause of action arose, or in the parish of Iberville, where the agent appointed by defendant for service of process resides.

The suit is in damages and for an injunction, on the complaint that the defendant operates a plant for the storage of oil and gasoline in proximity to the homes of plaintiffs without having conformed with the requirements of the fire marshal, thereby damaging plaintiffs, and endangering their lives and property.

[1] The matter is governed by Act 179, p. 334, of 1918; and the difficulty arises from a conflict between subdivisions (d) and (f) of paragraph (6) of section 1 of the act. Subdivision (d) provides that the venue for suits of this kind shall be either in the parish where the cause of action arose, 'or in the parish of the corporation's agent for service of process; whereas, subdivision (f) provides that the venue of such suits shall be either in the parish of the domicile of the corporation, or where the cause of action arose.

The latter subdivision, being the last expression of legislative will, must control.

The probability is that the intention was that subdivision (f) should apply only to domestic corporations; for it speaks of the venue being in the parish of the domicile of the corporation—a thing improbable in the case of a foreign corporation, since a foreign corporation, so called, has no domicile in the state, unless rechartered in the state, and it says nothing of the venue being in the parish of the domicile of the agent appointed for service of process—an omission very natural and to be expected in a law providing for suits against domestic corporations, since domestic corporations have no such agent, but strange in a law providing for suits against foreign corporations which are required to have such an agent for the purposes of suit; but the contrary explicit expression must control.

[2] Defendant's learned counsel contends that by "main office" is meant "the office at which the company maintains its agent for service of process." This contention is without merit; since there is nothing in the law requiring an office to be maintained for such agent, and nothing in the pleadings or in the evidence to indicate that defendant maintains such an office. Manifestly, in the absence of any proof to the contrary, the office having supervision of all the affairs of the defendant in the state must be held to be its main office in the state.

The present application for writs is rejected at applicant's cost.

O'NIELL, J. (dissenting). This case, in my opinion, is governed by paragraph (d) of subsection 6 of section 1 of Act 179 of 1918, p. 337, which paragraph is applicable only to foreign corporations. Its provisions, as is conceded in the opinion submit-

ted by the Chief Justice, are not appropriate or applicable to a domestic corporation. The paragraph declares that a suit of this character, against a corporation that has established an office in a parish other than that in which its agent for service of process resides, shall, at the *option* of the plaintiff, be brought either in the parish where the cause of action arose or in the parish of the residence of the corporation's agent for service of process. That is the same as to say that the suit shall not be brought in any other parish than that in which the cause of action arose or that in which resides the corporation's agent for service of process. The omission of the right to bring suit at the domicile of the corporation, and the provision for bringing suit at the residence of the corporation's agent for service of process, show plainly that the paragraph applies only to foreign corporations. Domestic corporations are not required, or permitted, to appoint an agent for service of process, residing in any parish that the corporation may choose.

Paragraph (f) of the same subsection declares that a suit of this character may be brought at the domicile of the corporation, or where it has its main office, or in the parish where the cause of action arose. That paragraph, therefore, cannot possibly have reference or application to a foreign corporation, because a foreign corporation cannot have its domicile in this state. A corporation domiciled in the state is not a foreign, but a domestic, corporation. Nor is it to be presumed that any foreign corporation would have "its main office" in this state. We do not know, and have no reason to suppose, that the office in New Orleans, of the defendant in this case, is "its main office." I presume that its main office is at its domicile, in Delaware.

It is virtually conceded, in the opinion submitted by the Chief Justice, that the interpretation that he proposes to give to paragraph (f) makes that paragraph, as well as paragraph (d), seem ridiculous; it must be conceded also that this interpretation, proposed to be given to paragraph (f), absolutely stultifies paragraph (d). The two paragraphs ought to be so construed as to give to each its plain and simple meaning; that is, construe paragraph (d) as being, as it plainly is, applicable to foreign corporations only, and construe paragraph (f) as being, as it plainly is, applicable to domestic corporations only.

The cause of the apparent conflict between the two paragraphs is obvious. Paragraph (f) is out of place, at the end of subsection (6), all other paragraphs of which, as the title says, refer only to foreign corporations. Paragraph (f) was intended to be inserted at the end of subsection 5, where it belongs. It was manifestly intended to take the place of paragraph (d) of that subsection, fixing the venue of suits against domestic corporations. There is ample authority for our correcting such a palpable error, so as to carry out the intention of the Legislature, and avoid making one provision of the statute stultify another. 36 Cyc. 1126; City of Crowley v. Police Jury, 138 La. 488, 70 South. 487.

Rehearing refused by the WHOLE COURT.