No. 2589

Second Circuit

---

TURNER v. THE ITEM CO.

---

(February 24, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Pleading—Par. 66, 71.**

Where, on the trial of an exception to the jurisdiction of the court ratione

personae, the evidence shows that the defendant is not liable for damages as alleged in the plaintiff's petition, the exception is properly sustained by the court.

**2. Louisiana Digest—Mandate—Par. 1.**

A corporation publishing a newspaper cannot be held liable in damages for the torts, while delivering papers, of one who buys its papers under contract, the purchaser not being the agent of the corporation.

**3. Louisiana Digest—Evidence — Par. 63, 74.**

The contractual relations between a newspaper corporation and the purchaser of its papers cannot be proved by similar relations with other purchasers, such evidence being irrelevant.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Samuel D. Turner against The Item Company, Limited.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

George J. Ginsberg, of Alexandria, attorney for plaintiff, appellant.

Louis Henry Gosserand, of New Orleans, attorney for defendant, appellee.

ODOM, J. The defendant, The Item Company, Limited, is a corporation organized under the laws of this state and is domiciled in the city of New Orleans.

Plaintiff brought this suit against it in the parish of Rapides to recover damages for the killing of his son in Alexandria through the fault and negligence of one alleged to be a servant and employee of defendant.

Defendant excepted to the jurisdiction of the court ratione personae, which exception was sustained by the court, and plaintiff appealed.

## OPINION

The suit is brought against defendant in Rapides parish upon the theory that the defendant at the time the alleged cause of action arose was engaged in business in that parish, and Section 25 of Act 267 of 1914 and Clause 9 of Article 165 of the Code of Practice are relied upon by plaintiff to sustain the contention that the venue of this suit is properly laid in Rapides parish.

The general rule is that one must be sued at his domicil. There are exceptions to the rule, and plaintiff contends that this case falls under one of the exceptions, to-wit:

"Where the corporation is engaged in business in more than one parish, the venue of the suit shall, at the option of the plaintiff, be in the parish where the cause of action arose, or at the domicil of the corporation, if the cause of action results from a trespass or an offense or quasi offense. * * *"

Section 25, Act 267 of 1914.

"In all cases where any corporation shall commit trespass, or do anything for which an action for damages lies, it shall be liable to be sued in the parish where such damage is done or trespass committed."

Code of Practice, Article 165, Clause 9.

It is contended by plaintiff that the defendant company was engaged in the business of selling and distributing its news-

papers in the city of Alexandria and, for that purpose, had as its agent and employee one Curtis K. Berlin, who had been employed to carry its newspapers, by truck, from the railroad station to news stands in Alexandria and Pineville; that his son, while riding on said Berlin's truck, was thrown therefrom and killed through Berlin's negligence.

Of course, if the defendant company was not engaged in business in Rapides parish, and if Berlin was not its servant, the venue is not properly laid.

The question raised by the exception is one of fact, on which the district judge heard testimony.

On the trial of the exception, plaintiff took the initiative and, by consent of the parties, or at least without objection, evidence was introduced tending to establish that Berlin, the driver of the automobile, was not the agent, servant or employee of defendant, and that defendant was not responsible for his acts, and while plaintiff does not contend that the evidence established that Berlin was the agent, servant or employee of defendant, or that defendant was responsible for the acts of Berlin, it is contended that the evidence does not affirmatively establish that defendant was not responsible for the acts of Berlin, and it is further contended that plaintiff offered evidence which was erroneously refused to be admitted, and that if the judgment should not be reversed, the cause should be remanded for the purpose of receiving the evidence erroneously rejected.

Considering the first position taken by plaintiff, and without discussing the allegations of the petition, which are somewhat vague, we assume, for the purposes of the exception that the petition states a cause of action, and, if so, the right of action is based upon Articles 2315, et seq., of the Civil Code, or a quasi offense, and this being the case, then the petition on its face, shows that the venue of the suit was properly in the parish of Rapides. (Clause 9, Article 165, Code of Practice; Castille vs. Caffery, etc., Co., Ltd., 48 Ann. 322, 19 South. 332; Culpepper vs. Arkansas Southern Ry. Co., 110 La. 745, 34 South. 761; also Paragraph (d), Section 25, Act 267 of 1914; and Paragraph (d), Section 5, Act 179 of 1918. However, in such an action, the plaintiff, in order to recover, would be bound to establish at least that Berlin was the agent, servant or employee of defendant and that the negligence of Berlin was the cause of the death of plaintiff's son.

The evidence introduced on the trial of the exception was directed to showing the relations existing between Berlin and the defendant, or one of the facts which it would be necessary for the plaintiff to establish in order to recover.

But it is contended that the burden of proof was on the defendant on the trial of the exception.

Exceptions to the jurisdiction have been filed and considered prior to the merits in many cases bearing some analogy to the present. (Castille vs. Caffery, etc., Co., Ltd., and Culpepper vs. Arkansas Southern Ry. Co., 110 La. 145, 34 South. 761, supra; Jenkins vs. Salmen Brick & Lumber Co., 148 La. 29, 86 South. 601; Abadie vs. Natural Petroleum Co., 150 La. 1076, 91 South. 516; N. O. Great Northern R. R. Co. vs. S. T. Alcus & Co., 159 La. 36, 105 South. 91); but in all of these cases cited the exception appears to have been considered on the face of the pleadings; and while it was said in N. O. Great

Northern R. R. Co. vs. S. T. Alcus & Co. that the defendant should have submitted evidence on the exception, yet in that case it appears that the fact to be established would not have affected the merits, while the issue of fact presented in the present instance goes directly to the merits and, if determined against plaintiff, he would not have a right of action against defendant in the parish of Rapides or elsewhere; and we are of the opinion the parties must be considered as having consented to the trial of the case by piecemeal, and if it be conceded that the evidence leaves in doubt a fact essential for plaintiff to recover, judgment dismissing his suit should follow.

The evidence offered tending to show the relations between Berlin and defendant consisted of the testimony of Harry Fox and the contract between Fox and defendant; the latter showing that defendant had agreed to furnish Fox with such copies of its papers as he should order, for which he agreed to pay two cents per copy for the Sunday issue and one cent per copy for other issues, and that he, Fox, would act as dealer for defendant for a period of at least three months, and that he would settle for all papers on the tenth of the month following that in which the papers were ordered, and Fox testified that defendant had allowed him an amount for delivering the papers which would be deducted on settlement from the amount due by him, and that in making the delivery of the Sunday papers he had hired Berlin to haul the papers in an automobile transfer; and there was also offered some testimony showing that Berlin had also hauled papers for the person who handled defendant's publications prior to Fox.

We are of the opinion this evidence shows that Fox was nothing more than a purchaser of copies of the paper published by defendant and that he employed Berlin to deliver his papers, and that it does not indicate that Fox was the agent of defendant, or that Berlin was an employee of defendant; and while it may be that additional evidence could have been offered explaining more in detail the relations of Fox and defendant, we think the question of fact at issue is to be determined on the preponderance of the evidence offered, which clearly warranted the dismissal of plaintiff's suit.

Now as to the evidence which was offered and not admitted. Plaintiff attempted to prove by a person who formerly handled defendant's publication, a course of dealing between such person and defendant, which conflicted with the written contract between Fox and defendant, and to show that in the course of defendant's dealing with such person that defendant had employed to haul the papers.

The written contract between Fox and defendant was, of course, not binding on third persons, and if the plaintiff could have established by any evidence which he may have produced that the contract and the relations between Fox and defendant were not as shown by the contract, and the testimony of Fox, but we do not think evidence as to what may have been the relations between other persons and defendant would be relevant, and that the ruling of the court refusing to admit such evidence was correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.