## DOWNS v. DELCO–APPLIANCE CORPORATION et al.*
### No. 881.

Court of Appeal of Louisiana.   First Circuit.
Dec. 8, 1931.

Jess Johnson, of Baton Rouge, for appellant.

Breazeale & Sachse, of Baton Rouge, for appellee.

MOUTON, J.

In May, 1930, a Delco Gas Plant was installed in plaintiff's home by Raoul A. Levy, the agent of Frank Leblanc.

In July, 1930, upon striking a match near the plant, the water heater exploded and, plaintiff alleges, knocked him down, severely burning his legs, arms, and face.

It is alleged by plaintiff that Levy and Leblanc were the agents of the Delco-Light Company when the gas plant was installed; that the Royal Indemnity Company had issued an insurance policy to the Delco-Light Company to indemnify it for injuries that might result from the acts of its employees or agents.

Plaintiff is claiming in this suit $5,000, for the injuries suffered by him from the explosion, against Raoul A. Levy, Frank Leblanc, the Royal Indemnity Company, and the Delco-Light Company, now going under the name of Delco-Appliance Company, and which will be referred to in the course of this opinion as the Delco-Light Company.

The Delco-Light Company, a Delaware corporation, filed an exception ratione personæ to the jurisdiction of the lower court, which was sustained, dismissing plaintiff's suit against that company, from which plaintiff appeals.

The question of jurisdiction is the only one presented for decision.

The Delco-Light Company grants to distributors the franchise to sell Delco-Light products, repair and replacement parts in certain designated territories, which is shown by the written contract that company had with George M. Foose of Baton Rouge, now its distributor for a certain territory designated in the agreement.

The proof shows that Raoul A. Levy was the one who installed the gas plant in plaintiff's home, and that he was then the agent of Frank Leblanc. The case will therefore be considered with reference to Leblanc, as to whether he was the agent of the Delco-Light Company at that time.

The record shows in March, 1920, Leblanc entered into a Delco-Light dealer's written agreement with W. P. Galloway Company granting him the franchise to sell Delco-Light products in Pointe Coupee, East Feliciana, Baton Rouge, etc. There is no written contract shown to have existed between the Delco-Light Company and the W. P. Galloway Company. In the written Delco-Light dealer's agreement however, between the Galloway Company and Frank Leblanc, the Galloway Company is called the distributor.

In this dealer's contract several provisions are made in reference to and for the protection of Delco-Light Company, which indicate that in its quality of distributor the Galloway Company was operating under the Delco-Light Company.

A Mr. Smith, it is shown, came from the Delco-Light Company factory to attend a dealers' meeting in Baton Rouge; that Smith went, in company with Levy, to plaintiff's home to inspect the installation of the plant. It also appears that Mr. Lestor, who had attended the dealers' convention with Mr. Smith, and had come direct from the factory of the Delco-Light Company, as testified to by Levy, took out the burner from the plant installed in plaintiff's home, and that Smith took it

back to the factory, and was, at the time, the Delco service manager.

The record shows also that Levy, agent of Leblanc, was distributing literature of the Delco-Light Company which he had received from the Galloway Company. Besides, Leblanc says he was dealer for the Delco-Light products under W. P. Galloway, distributing office for Arkansas and Louisiana.

The foregoing facts, to which we have referred, and others that we find unnecessary to mention, are convincing, to the effect that the Galloway Company was the distributor for the Delco-Light Company, which through the action of Smith and Lester, its representatives, recognized Leblanc as a dealer in its products by virtue of his agreement with the Galloway Company, its distributor.

In Leblanc's contract with the Galloway Company, it is provided that the agreement does not constitute him "the agent or legal representative as distributor and/or Delco-Light Company for any purpose whatsoever." The same is found in the contract of the Delco-Light Company with Foose.

Leblanc says he was not the agent of the Delco-Light Company. This opinion was a mere conclusion of law on his part, and whatever was his intention in entering in his agreement with the Galloway Company could not control the legal effect of his contract, nor could the provision in his dealer's agreement, that he was not constituted the agent or representative of the Galloway Company.

The relation of principal and agent is created by the existing facts, and that relationship exists, though the parties may not have intended such facts to have such legal effects, or though they may have expressly agreed that such should not be the legal effect. Page on Contracts, vol. 2, § 960, p. 1503.

We must therefore direct our attention to the facts and circumstances of the case to ascertain the relationship which existed between the parties, and what was the character or nature of the contract.

Counsel for defendant refer to the case of Standard Motors Finance v. Yellow Bayou G. & P. Co., Inc., 1 La. App. 424, where the court, in referring to a tractor which had been purchased, said:

"They ordered it from the Gulf Tractor Company, which shipped it to its own order with bill of lading attached to sight draft on them."

The dealer's agreement between Leblanc and Galloway provides for purchases of the Delco-Light Company products, on the following terms:

"Cash with order, sight draft with bill of lading attached."

If these terms stood alone, evidently a sale would have resulted from the purchase by Leblanc of the apparatus he installed in plaintiff's house for which as said he paid cash, and this case would fall under the ruling in the decision of the appellate court cited by counsel for defendant.

Another case, that of Turner v. Item Company, 6 La. App. 270, is cited by counsel to sustain his contention that the relation of Leblanc to the Delco-Light Company was as vendee, and not in the capacity of agent. In that case papers were furnished to Fox by the Item Company, for which he agreed to pay two cents per copy for the Sunday issue and one cent per copy for other issues. Such an agreement embodied the elements of a clear-cut contract of sale. It was also provided in the agreement that Fox would act as dealer for three months and, on settlement with the Item Company, that an amount for delivering the papers would be deducted from the amount due by him. There, again, the relation between the parties was as vendor and vendee, where there were no stipulations in the agreement indicating that Fox was to act as the agent of the Item Company in the disposition of the papers.

For the purpose of determining the true nature of the dealer's contract, we will refer to the following provisions of the agreement. In that contract between Leblanc and the Galloway Company, after stating that cash should accompany the orders by Leblanc for the Delco-Light products, it says that the distributor further agrees to sell Delco-Light repair and replacement parts, the amount and kind of which shall be specified by distributor from time to time as distributor may deem necessary to insure good service to owners of Delco-Light products in dealer's territory. These repair parts the distributor agrees to sell on the same terms, that is, for cash, but, however, at a discount which is left in blank, and is not specified in the agreement.

It is also provided in the agreement that the dealer shall maintain, at his own expense, an efficient installation and maintenance service on all Delco-Light products installed in his territory, in accordance with instructions issued by the installation and service department of Delco-Light Company, to see that all necessary repairs and replacements of Delco-Light products in his territory are promptly and properly made, and to use every reasonable effort to maintain a standard of service consistent with Delco-Light policy.

It is also stipulated in the agreement that dealer maintain a place of business and display room satisfactory to distributor, with right to distributor of inspecting the premises at all reasonable business hours. Dealer agrees further to have his books audited annually by a competent auditor, and to furnish a certified copy of such and send it to distributor for its permanent records.

The provisions of the dealer's agreement, hereinabove referred to, show that, after Leblanc had obtained these Delco-Light products, he obligated himself to carry on his business in reference thereto in the capacity, as we construe the contract, as agent for the benefit of the Delco-Light Company.

Leblanc also testifies that the W. P. Galloway Company fixed the price at which he sold the Delco-Light plants.

In the case of Bourg v. Lopez, 36 La. Ann. 439, the facts showed that Lopez gave some sugar and molasses to Hobert for a debt to the latter, who obligated himself, after paying himself from the proceeds, to apply the balance to the payment of other creditors.

The court held that the contract was not a sale, as full dominion over the property, with power to do with it as he listed, had not been conferred on Hobert by the agreement.

This ruling is in keeping with article 488 Civ. Code, which defines ownership as "the right by whch a thing belongs to some one in particular, to the exclusion of all other persons." Obviously, the power to fix the price by the Galloway Company showed that Leblanc did not possess "full dominion" over the price of the gas plant, a most important factor in his contract, and to the exclusion of all other persons.

The argument may be advanced that the privilege of fixing the price had been retained by the Galloway Company, and had not been granted by Leblanc in favor of the Delco-Light Company, defendant herein. The dealer's agreement between Leblanc and the Galloway Company shows that the latter was a distributor, and the record shows it was a distributor for the Delco-Light Company. The contract of a distributor, the evidence shows, embodies practically all the essential conditions of a dealer's agreement, under which Leblanc was operating through the Galloway Company, distributor of the Delco-Light products.

These dealers and the distributors are so intimately connected in their business relations with the Delco-Light Company that it is almost impossible to consider their transactions in the disposition of these products independently of each other. It further appears, as before pointed out, that Smith, the representative of the Delco-Light Company, had, in company with Levy, inspected the installation of the gas plant in plaintiff's house; that Lester, another representative of defendant company, who had attended a dealer's convention at Baton Rouge, removed the burner from plaintiff's plant, and that this burner had been returned to the factory by Smith. These acts of these agents and representatives of defendant company show that it continued to retain supervision and control over the installation of its products by Leblanc, who had obligated himself in his dealer's agreement to follow the rules and regulations of the Delco-Light Company.

It will be noted that in the dealer's agreement, to which we have heretofore made reference, the dealer, in installing these Delco-Light products, agrees to act in such a way, under the directions of the distributor, as to insure good service to the owners of these plants, and to use every reasonable effort to maintain a standard of service consistent with Delco-Light policy.

These provisions of the contract show that these dealers and distributors were acting as the agents of the Delco-Light Company for the advancement of its interests or business in the various territories assigned them for the sale of these products. These agreements with these dealers and distributors are skillfully drawn and, as we read them in the light of the evidence, were mere contrivances by which that company sought to escape liability which might result from the acts of its agents in installing its plants.

We find that Leblanc was the agent of the defendant company when he installed the plant in plaintiff's home, from the explosion of which the alleged injuries resulted to plaintiff.

The defendant company has therefore subjected itself to the local jurisdiction of the court by the act of its agent; that it was then doing business in the parish of East Baton Rouge, where it was properly sued. Gouner v. Missouri Valley Bridge & Iron Company, 123 La. 964, 49 So. 657; Kendall v. Grand Lodge of Brotherhood of Railroad Trainmen, 8 La. App. page 52; Act 54, 1904, p. 133.

The judgment maintaining the exception of want of jurisdiction is therefore overruled and reversed; and it is further ordered and decreed that this case be remanded to the lower court for trial in accordance with law; that appellee pay the costs of this appeal, other costs to abide the trial of the case.