84 So.2d 304 (1955)
Lewis BUSBY, d/b/a Natchez Finance Company, Plaintiff-Appellee,
v.
Charlie WALKER, Defendant-Appellant.
No. 8397.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1955.
Rehearing Denied January 9, 1956.
Writ of Certiorari Denied February 23, 1956.
*306 Nathan M. Calhoun, Vidalia, for appellant.
Lloyd F. Love, Ferriday, for appellee.
AYRES, Judge.
This is an action on a promissory note. From a judgment in plaintiff's favor for $258.45, with 8 percent per annum interest thereon from December 4, 1953, together with 25 percent of said amounts as attorney's fees, and for all costs, defendant prosecutes this appeal.
The defendant purchased from H & J Used Car Company on October 4, 1952, a used automobile. For the credit portion of the purchase price he executed his promissory note payable in 18 consecutive monthly installments of $51.69, the first payment being due on November 4, 1952. This note was negotiated to plaintiff. On alleging there was a principal balance due of $258.45, plaintiff instituted this action February 5, 1954, to recover judgment therefor, plus interest and attorney's fees.
In answer to plaintiff's demands, defendant alleged that prior to June 6, 1953, he paid $514.79 on said note to the H & J Used Car Company, which he allegedly believed to be the duly authorized agent of plaintiff for the collection of said note; that plaintiff had full knowledge of the fact that respondent was paying said installments to the said H & J Used Car Company, notwithstanding which knowledge plaintiff made no protest as to the manner of said payments but tacitly consented and approved the same without in any way indicating a desire that payments be made direct to plaintiff; and that upon plaintiff notifying defendant on June 6, 1953, that future payments were to be made to plaintiff, defendant paid plaintiff installments aggregating $277.02 on or prior to November 3, 1953, leaving a balance due of $138.51, which had been erroneously calculated to be $155.07. This amount defendant offered and tendered to plaintiff in full settlement on December 1, 1953. With his answer defendant tendered $138.51 as the balance due on the note.
The defense is one of payment of the note sued upon. Defendant contends that the H & J Used Car Company was the duly authorized agent of plaintiff for the collection of said note, and, in the alternative, averred that plaintiff ratified and profited by the payments made by defendant to the H & J Used Car Company and is, therefore, estopped to deny its agency. The controversy arises as to payments of February 4 and March 7, 1953, aggregating $119.94, paid by defendant to the said H & J Used Car Company, which amount was not remitted to plaintiff. All other sums so collected were in due course and properly remitted to plaintiff.
The question presented is whether or not the payment of these two installments was to a person authorized to receive it for the creditor, or, if not, whether the creditor had ratified it or profited by it so as to discharge the defendant under the provisions of LSA-C.C. art. 2140 and LSA-R.S. 7:119. The latter statute provides:
"A negotiable instrument is discharged:
"(1) By payment in due course by or on behalf of the principal debtor;
* * * * * *
"(4) By any other act which will discharge a simple contract for the payment of money".
The Codal provision states:
"The payment must be made to the creditor, or to some person having a power from him to receive it, or who is authorized by a court, or by law, to receive it for him.
"Payment made to a person, not having power to receive it for the creditor, is valid, if the creditor has ratified it, or has profited by it."
We are led, therefore, to a discussion of the question of agency to determine if such a relationship existed between plaintiff and the H & J Used Car Company. The H & J Used Car Company in connection with its business acquired installment notes representing the credit portion of car *307 sales made by it. These notes were negotiated to plaintiff. Mr. J. T. Jacobs, Jr., one of the former partners in the H & J Used Car Company, testified that, as a working arrangement and as a matter of practice, his Company collected the installments payable on at least half of the obligations negotiated by it to plaintiff; however, plaintiff was unwilling to admit that the Car Company collected installments on all the notes negotiated to it but did admit that such was done in a substantial number of cases and on a substantial percentage of the notes acquired by it from said concern. In the instant case nine of the installments of defendant's note, covering a period of nine months, were handled in that manner. Collections from seven of these installments were duly remitted to plaintiff. The record leaves no doubt but that plaintiff had full knowledge of the manner in which these installments were collected, which was no different from the manner in which installments on various other notes were collected by H & J Used Car Company. The manner of defendant's payment and the general practice of the H & J Used Car Company collecting notes negotiated to plaintiff, as well as the authority of said concern to make collection of the notes, were never questioned. No objection was made or conveyed to the makers of any of the notes that the H & J Used Car Company was not authorized to make the collections for plaintiff. While plaintiff was unable to testify that any notice of his ownership of defendant's note or any instruction as to the payment of the installments was given defendant, defendant was positive that no such notice was received by him. It was only after the H & J Used Car Company ceased operation in May, 1953, that plaintiff instructed defendant under date of June 6, 1953, to make the monthly payments on his note to plaintiff's office in Natchez, Mississippi. After such notice defendant complied with the instructions given.
The evidence further discloses that after one of the partners of the H & J Used Car Company absconded with the partnership funds, the other partner, J. T. Jacobs, Jr., on his voluntary petition, was adjudged a bankrupt. On his application for a discharge plaintiff made opposition on several grounds, among which was that defendant as a partner in said concern received funds, such as the collections on these notes for plaintiff, in a fiduciary relationship and failed to remit same.
The facts and circumstances as established in the record show a relationship of principal and agent between plaintiff and the H & J Used Car Company. As between principal and agent, an agency is created and authority is actually conferred very much in the manner as a contract is made to the extent that the creation results from the agreement between them that such a relation shall exist. The consent to the establishment of such agency may be either expressed or implied. An agency created expressly may result from an oral or written agreement of the parties. This would be termed an actual agency. However, an implied agency is also an actual agency. It is a fact which is to be proved by deductions or conclusions from other facts and circumstances. Such an agency is often established from the words and conduct of the parties and the circumstances of the particular case. It may be implied from prior habits or from a course of dealings of a similar nature between the parties where the agent has repeatedly been permitted to perform similar acts in the past. With respect to third persons, an agency may arise from acts and appearances which lead others to believe that such a relationship has been created, that is, by estoppel, and with respect to such third parties who deal with the agent, the agency may be apparent only and exist because of the estoppel of the principal or agent to deny the existence of such relationship, if the third party has relied on such appearance so that he would be prejudiced if the fact were shown to be otherwise. 2 Am. Jur. 23-26, Agency, Sec. 20 et seq.; 2 C.J.S., Agency, subd. III, Creation and Existence of Relation, § 16 et seq., p. 1041; Cason v. Cecil, (Aymond, Intervenor and Third Opponent) 194 La. 41, 193 So. 362; Hughes Lumber Co. v. Madisonville Saw & Planing Mill, 4 La.App. 662.
*308 An agency may exist in fact and in law regardless of the effect contemplated by the parties. Whether an agency has been established is a question of law to be determined by the relations of the parties as they may in fact exist under their agreements or acts. The creation of this relationship does not depend upon the principal's conscious intention to confer upon another authority as an agent. If a principal intentionally does certain acts of which the legal effect is the creation of authority of an agent in another that authority will exist regardless of the motives of the parties. Hughes Lumber Co. v. Madisonville Saw & Planing Mill, supra; Downs v. Delco-Appliance Corporation, La. App., 138 So. 525.
From a review of the facts of this case and particularly the conduct of the parties, the conclusion is inescapable that the H & J Used Car Company was constituted an agent of plaintiff for the purpose of collecting defendant's note. It was held by the Orleans Court of Appeal in Rea v. Caire, 14 Orleans App. 331, that when the transferee of a note keeps himself in the background so as to remain unknown to the maker of the note and receives partial payments made to the former owner, the fact of the matter is that he wishes the maker to continue in the belief that such former owner is still the holder of the note; and this constitutes such former owner as agent for the purpose of collecting upon the note until he gives the maker notice to the contrary.
The plaintiff as the transferee of the note cannot stand by and see the maker make partial payments to a former owner who remits to the plaintiff and receives the benefits from and profits by such payments and afterwards repudiate such payments as have been made to the transferor and not remitted to him. Moreover, under the facts and circumstances of this case, an estoppel precludes plaintiff from questioning the agency of the H & J Used Car Company and its authority to receive and collect the installments in contest on defendant's note.
It was held by this court in Arkansas Fuel Oil Co. v. Shreveport Packing Co., La. App., 15 So.2d 546, 547, where all transactions relative to defendant's purchase of gasoline from a dealer were had with the dealer only, although plaintiff supplied the dealer with gasoline, took assignments of dealer's account against defendant after each delivery and sent monthly statements to defendant, and payments for all deliveries made by defendant were made to the dealer without objection from plaintiff, plaintiff was estopped to contend that payment to the dealer was not payment for the gasoline. In other words, it was held that even though the account was assigned by the dealer to the oil company and the customer received statements and notices apprising him of such assignment, his payments to the dealer were binding upon the oil company as the assignee of said accounts. In commenting upon plaintiff's acts, this court stated:
"The silence of plaintiff in regard to defendant paying Holly Bros. monthly for many months caused defendant to pursue the course it did, and since it has now paid Holly Bros. for all the gasoline it purchased, plaintiff is estopped from claiming defendant paid the wrong persons."
Inasmuch as prior to the institution of this suit and prior to the date from which the plaintiff claims interest, the defendant offered to pay plaintiff an amount in excess of the actual amount due upon said note and has again, in filing his answer, admitted and tendered to plaintiff the correct amount due, it follows that plaintiff should recover judgment for said principal amount but that his demands for interest, attorney's fees and costs should be rejected. The judgment appealed will be accordingly amended.
For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed be amended by reducing the amount to $138.51, without interest and attorney's fees. The costs in both courts are assessed to plaintiff-appellee.
Amended and affirmed.