JULIAN E. BAILES, Judge pro tern.
This is a suit by plaintiff-appellee, Emile Barras, to recover from Botany Bay Corporation, defendant-appellant, the sum of $47,775.45, together with legal interest from date of judicial demand until paid, allegedly due for certain land clearing and *712 dirt work done by plaintiff for defendant from October 17, 1968 through September 11, 1969.
On October 16, 1972, the district court, following the written report and recommendations of the commissioner and judge ad hoc before whom the case was tried, rendered judgment in favor of the plaintiff and against the defendant in the amount sued for, together with legal interest from May 4, 1970, until paid and for court costs.
From this judgment, the defendant has suspensively appealed. On our finding that the judgment appealed is correct, we affirm.
In this appeal, defendant assigns the following as specifications of error in the judgment of the trial court in holding that:
1. Alex O’Bryan was an agent of defendant with authority to engage the services of the plaintiff; and
2. Even if Alex O’Bryan had not been so authorized the defendant had held him out as possessing the authority to engage plaintiff’s services.
3. The trial court erred in accepting as true the testimony of Alex O’Bryan and plaintiff, Emile Barras.
These three contended for specifications of error present either questions of fact or mixed questions of fact and law which will be fully answered below.
As set forth in its brief, defendant argues that the issues presented for decision are:
1. Was Alex O’Bryan authorized by defendant to engage the services for which plaintiff seeks compensation in this suit?
2. Did defendant clothe Alex O’Bryan with apparent authority to engage the services of plaintiff? If so, could plaintiff reasonably rely thereupon; and
3. Did defendant become obligated to plaintiff by ratifying his alleged engagement made through Alex O’Bryan or anyone else allegedly acting as an agent of defendant.
Plaintiff is a land clearing and dirt moving contractor. Defendant is the owner of land in excess of 13,000 acres in St. Landry Parish. Mr. Louis J. Roussel is the present and executive officer of the defendant.
A former executive officer of the defendant hired a contractor by the name of Wilson Kimble to clear an area of several thousands of acres. In this operation Mr. Kimble secured the services of the plaintiff to assist in the performance of this work. It was completed about the time Mr. Rous-sel succeeded the former president of defendant. Upon presentment of Mr. Kim-ble’s statement of $165,433.50 for the land clearing and after investigating the accuracy of the charges, Mr. Roussel advised both Mr. Kimble and the plaintiff not to undertake any other work on defendant’s land unless he, or two other named directors, personally authorized the work. This admonition took place in late December, 1967.
As shown by the minutes of the Board of Directors meeting held on January 9, 1968, the president was authorized to proceed with the land clearing program. Shortly thereafter Mr. Roussel instructed Mr. O’Bryan, an employee of defendant, to secure bids for the clearing of two sections of land. Plaintiff and three others submitted bids. The plaintiff’s bid of $63 per acre was accepted.
From time to time Mr. O’Bryan wrote to Mr. Roussel asking for authority to proceed with other work, including other clearing and drainage work as well as road building in certain areas. It is undisputed that Mr. Roussel never replied to any of these requests in writing but habitually Mr. O’Bryan was communicated with by telephone.
It was the practice between the parties to clear land on a fixed per acre basis while the drainage and road building work *713 was undertaken on an hourly basis. The price of this work depended on the type of equipment employed. Admittedly, other land clearing work was authorized, satisfactorily completed and paid for in addition to that for which bids were obtained. Mr. Roussel testified that he not only personally authorized the clearing of the sections of land for which plaintiff was paid, but that only he approved the plaintiff’s invoices. However, the record supports and bears out the testimony of Mr. O’Bryan that he approved all invoices for work done before the invoices were submitted to Mr. Roussel for payment.
Mr. Roussel classified Mr. O’Bryan as a caretaker whose duties concerned the collection of farm rents, keeping hunters off the property and occasionally obtaining bids for the land clearing operation. The defendant contends that this caretaker’s authority was narrow and restricted and did not encompass the area of clearing, draining and road building.
The record fully substantiates and supports the fact that Alex O’Bryan was the only employee of defendant on. the land and who had daily contact with the property looking after the best interest of defendant. We find O’Bryan was vastly more than a caretaker. We are impressed with the broad general nature of the agency relationship. There is clear proof that it was he who rented the farm land and collected the rents; he obtained bids for the clearing of land and supervised and approved or disapproved the performance thereof; he had the supervision of the performance of drainage and road building work; and he secured the surveyor for establishing land lines as well as the specific surveying required in the prosecution of a title suit against Texaco. It was he whom the defendant, through its attorneys, called on to attend conferences with other attorneys involving boundary disputes and Louisiana Department of Public Works in defendant’s endeavor to obtain the construction of a drainage canal to facilitate proper drainage of its property; and further, it was he who designed and developed the overall drainage layout. Mr. O’Bryan was the defendant’s representative who obtained a right of way agreement with an adjoining owner in order for defendant to have access to a large disconnected tract of land otherwise inaccessible.
All of these facts impress us that the defendant certainly held out Mr. O’Bryan as clothed with at least apparent authority as agent to secure the services of the plaintiff for the performance of the work payment for which this action was brought.
It was stipulated by the parties that the plaintiff did actually perform the work, that he performed it in a satisfactory manner and that it had the value in the amount sued for and that Mr. O’Bryan did instruct him to perform the work.
The narrow question is whether Mr. O’Bryan had the authority to bind the defendant for payment of the work performed.
In Busby v. Walker, 84 So.2d 304 (La.App. 2nd Cir. 1955) at page 308, the court stated:
“[9-11] An agency may exist in fact and in law regardless of the effect contemplated by the parties. Whether an agency has been established is a question of law to be determined by the relations of the parties as they may in fact exist under their agreements or acts. The creation of this relationship does not depend upon the principal’s conscious intention to confer upon another authority as an agent. If a principal intentionally does certain acts of which the legal effect is the creation of authority of an agent in another that authority will exist regardless of the motives of the parties. * * * ’>
And in Molero v. California Company, 145 So.2d 602 (La.App. 4th Cir. 1962) cert. denied, on page 610, this court said:
“[11] It is the well established jurisprudence of this state that the measure of *714 an agent’s authority is the apparent authority with which his principal has invested or clothed him and not the secret and private instructions or limitations to which the principal and agent have agreed. However binding such secret, undisclosed instructions or limitations may be as between principal and agent they are ineffective against third persons who deal with the agent in good faith sans knowledge thereof. * *
We find no issue involving ratification of the actions of the agent. We find that the defendant invested its agent, Alex O’Bryan, with authority and apparent authority to engage the plaintiff to perform the work admittedly performed and for which he is entitled to be compensated. The amount of the recovery is not in dispute.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s cost.
Affirmed.