GAUDIN, Judge.
This is an appeal by Jones Truck Lines, Inc. from a district court decree casting it in judgment jointly and in solido with Standard Drayage Services, Inc. Plaintiff-ap-pellee, is Liberty Mutual Insurance Company, which petitioned for past due unpaid *1222 workmen’s compensation insurance premiums totaling $41,858.00.
Liberty Mutual’s insured was Standard, not Jones, but the trial court found that Standard was Jones’ agent and therefore able to bind Jones for payment of the premiums. This finding was clearly erroneous.
Freight would come into New Orleans on Jones trucks to the Standard terminal, then Standard would make local deliveries. Standard’s agreement with Jones was that Standard would provide this local drayage service for which Jones paid $300.00 per week plus 105 per cent of Standard’s costs.
Standard provided local drayage services for companies other than Jones and it (Standard) purchased its insurance from Liberty Mutual without any reference to Jones. Liberty Mutual did not deal with Standard thinking it (Standard) was an agent of Jones; in fact, Liberty Mutual had no knowledge of the Standard-Jones business relationship.
Agency cannot be presumed, and the consent to establish an agency relationship must be expressed or implied, as stated in Busby v. Walker, 84 So.2d 304 (La.App. 2nd Cir.1955), Robertson Ad. Service, Inc. v. Winfield Life Ins. Co., 453 So.2d 662 (La.App. 5th Cir.1984), and many other cases.
Here, Standard had complete control of its New Orleans operations, it hired and paid its employees, it used and repaired its own vehicles, not Jones’ trucks, and it secured its own insurance.
Liberty Mutual’s primary contentions regarding agency are that the contract agreement was duly specific and that the actual day-by-day operation of the business created an agency situation. However, Standard had no authority, expressed in the contract or otherwise, to represent Jones. Instead, Standard remained an independent contractor, doing business with Jones, Yellow Freight Forwarding and other companies shipping goods to New Orleans.
Jones had two of its personnel in contact with Standard: Irvin Tull and Robert Elmer. Tull was located at the Standard terminal but he had responsibilities throughout the Gulf Coast area and was absent from New Orleans three to five days a week. Elmer came to New Orleans approximately three times a year for accounting purposes.
In summary, while the ties were close, Standard nonetheless retained its status as an independent contractor doing business with Jones and others and without any authority to bind Jones concerning Liberty Mutual’s insurance premiums.
The cost-plus agreement entered into was to provide a better method of compensating Standard, i.e., to insure that Standard made a profit in handling freight delivered to New Orleans by Jones’ vehicles. Jones’ only “control” over Standard was its efforts, through Tull and Elmer, to avoid excessive and unreasonable local delivery expenses. This amount of “control” is permissible, does not establish an agency and is distinguishable from the “control” in R.S. Electric and Armature Works v. George Engine Co., Inc., 346 So.2d 783 (La.App. 1st Cir.1977), cited and relied on by Liberty Mutual.
For these reasons, that portion of the April 30, 1985 judgment ordering Jones Truck Lines, Inc. to pay, along with Standard Drayage Services, Inc., the sum of $41,858.00 plus interest and costs is hereby reversed and set aside, and judgment is rendered in favor of Jones and against Liberty Mutual, dismissing all demands. Also voided is Jones’ third party judgment against Standard. Standard remains cast in judgment. Liberty Mutual is to bear all costs of this appeal.
REVERSED AND RENDERED.