FORET, Judge.
On November 26, 1985, Raymond J. Harrison filed a suit in redhibition against Coleman Chrysler-Plymouth-Dodge, Inc. (Coleman) and against Chrysler Corporation (Chrysler) seeking a rescission of the sale of a 1985 Plymouth Horizon.
Coleman filed a third party demand against Chrysler for indemnification and for attorney’s fees. The case was tried to a jury, which returned a verdict in favor of Harrison and against both Coleman and Chrysler. The jury rejected the third party demand of Coleman, but specifically found that the car contained redhibitory defects sufficient to justify rescission of the sale; and, that the defects in the car were not manufacturing defects but rather that there had been some intervening abuse, alteration, or other acts which relieved the manufacturer of responsibility for the defects. However, the jury found that Coleman and its salesmen were agents for Chrysler, and thereby held Chrysler liable for Coleman’s actions. Chrysler has appealed the judgment in this suit.
FACTS
On August 26, 1985, plaintiff purchased a car from Coleman. Mrs. Harrison, wife of plaintiff, handled the negotiations and dealt with John Airhart, a salesman for Coleman. Mrs. Harrison had wanted to purchase a red Plymouth Horizon, but was unable to come to terms with the Coleman salesman. When Mrs. Harrison was unable to close the deal on the red Horizon, Airhart told her that he would give her a new car warranty on another car even though the car had 10,886 miles on the odometer. Airhart also represented to Mrs. Harrison that the car had been a demonstrator. The car had scratches and dents on it, which were apparent to both Mr. and Mrs. Harrison and, although the sale documents indicated that the car was new, both Mr. and Mrs. Harrison acknowledged that they were fully aware that the car was not new and that it had nearly 11,000 miles of usage. Mrs. Harrison testified that Airhart sold the car to her as a new car in order to enable the Harrisons to finance the vehicle for forty-eight months.
About a month after the purchase, plaintiffs began to experience problems with the car. The carburetor began acting up, causing the car to stall upon stopping or slowing; the right front wheel began making a “bad” noise; the turn signal switch malfunctioned; the air conditioning system which had been added to the vehicle by the dealer developed a leak; and the transmission would not down shift properly. Plaintiff gave seller at least seven opportunities to repair the car, to no avail. Subsequently, plaintiff learned that the car had been previously wrecked. Plaintiff testified that none of the salesmen at Coleman had ever told him that the car had been wrecked. Plaintiff admitted that after he discovered that the vehicle had been wrecked, he quit working with the dealer about trying to correct problems with it. Plaintiff and his wife stopped driving the car in June of 1986 because of their concern of the safety of the vehicle in light of the problems with the front end.
AGENCY RELATIONSHIP
The jury found that the defects in the car were not caused by the manufacturer but that an agency relationship existed between Coleman and Chrysler; that due to this relationship and the existence of an intervening defect, Chrysler was liable for the damage because it was the principal and Coleman was its agent. We find that the jury was not manifestly erroneous in finding that the defects were not caused by Chrysler.
In attempting to prove that an agency relationship existed between Coleman and Chrysler, plaintiff relies upon an agreement between Chrysler and Coleman styled “Direct Dealer Agreement,” which plaintiff introduced into evidence at trial. No other *769 evidence was offered to prove an agency relationship.
Chrysler contends that the agreement should not have been received into evidence and presented to the jury for inspection. At the time that plaintiff introduced the agreement, Chrysler objected to its admissibility for the reason that there had been no proper authentication or foundation for the introduction of the document. We agree. After plaintiff had finished calling his witnesses, he offered into evidence the dealership agreement between Coleman and Chrysler Corporation. Plaintiff did not introduce the agreement in connection with the testimony of any witnesses, but solely upon his own declaration as to the nature of the instrument. There is no testimony which supports the admissibility of the document which plaintiff hoped would sustain his claim. None of the requirements for admissibility of the business records were met. Absent stipulation between counsel as to the admissibility of the agreement, the document is hearsay and should have been excluded. There is no other evidence in the record to show an agency relationship existed between Coleman and Chrysler such as would render Chrysler liable to third parties for the negligence or misrepresentation of Coleman’s personnel. Plaintiff’s petition contains no allegations of an agency relationship between Chrysler and Coleman. The jury’s imposition of liability upon Chrysler was based solely upon a supposed agency relationship between Chrysler and Coleman and its salesmen. As stated in Liberty Mutual Insurance Company v. Standard Drayage Service, Inc., 494 So.2d 1221 (La. App. 5 Cir.1986), writs denied, 497 So.2d 314, 315 (La.1986), “Agency cannot be presumed, and the consent to establish an agency relationship must be expressed or implied ...” With the record being absent of any evidence to show an agency relationship, either expressed or implied, the jury verdict finding Chrysler liable for the actions of Coleman is reversed.
Having found that there was insufficient evidence to show an agency relationship between Coleman and Chrysler, Chrysler cannot be liable as principal for the defects in plaintiff’s car, in light of the fact that the jury found that Chrysler was not liable for manufacturing defects.
DECREE
For the foregoing reasons, the judgment of the trial court casting Chrysler in judgment is reversed and set aside; otherwise the trial court judgment is affirmed. Costs of this appeal are assessed against plaintiff-appellee.
REVERSED IN PART AND AFFIRMED IN PART.