h SYLVIA R. COOKS, Judge.
The Calcasieu Parish School Board appeals the trial court’s judgment finding a private contractor hired by the Port of Lake Charles was exempt from paying sales taxes on materials purchased. For the following reasons, we affirm the judgment of the trial court.
FACTS
The Lake Charles Harbor & Terminal District, a/k/a, the Port of Lake Charles (hereafter the Port), operates a deepwater port located in Calcasieu Parish. The Port retained a private contractor, F. Miller & Sons, Inc. (hereafter Miller), to effectuate repairs and to enlarge the dock. Miller procured supplies and building materials from various vendors and utilized these supplies and materials in performing the job. The Port instructed Miller not to pay any sales taxes on the purchases, and in turn, agreed to indemnify Miller in the event it was ever called upon to pay the taxes. Thus, Miller did not pay any taxes on the purchases, informing the various vendors that the purchases were tax exempt.
To relieve Miller of any sales tax obligations, the Port added a one-paragraph addendum to the end of the contract stating as follows:
SC 6.15 — Taxes
Contractor shall not pay any state or local sales or state and local use taxes on materials and equipment which are affixed and made a part of the real estate of the project or work which is permanently incorporated into the project or work (hereinafter referred to as “applicable materials and equipment”). All purchases of applicable materials or equipment shall be made by the contractor on behalf of the Lake Charles Harbor & Terminal District (Owner), a political subdivision of the State of Louisiana. No state and local sales and use taxes are owed on applicable materials and equipment under the provisions of Act 1029 of the 1991 Regular Session — Louisiana Revised Statute 47:308(8)(c). Owner will furnish contractor a certificate on a form supplied by the Louisiana | ^Department of Revenue and Taxation and/or local taxing authorities which cer *1263 tified that Owner is not required to pay such state or local sales and use taxes and contractor shall furnish a copy of such certificates to all vendors or suppliers of the applicable materials and equipment. The Owner agrees to indemnify contractor against the payment of any state or local sales taxes which contractor may be forced to pay on the purchase of applicable materials and equipment. The contractor shall pay all other taxes which are required to be paid regarding the work or the project or any materials or equipment supplied or purchased by the contractor for the work under contract.
After the contract was executed, Miller purchased and paid for the building materials and performed the work using its employees. The Port made monthly payments to Miller based upon the amount of work completed each month, and then made a final payment after the job was completed.
Pursuant to Article VI § 29 of the 1974 Louisiana Constitution and La.R.S. 33:2737 parishes, school boards, and political subdivisions are authorized to levy and collect sales and use taxes. In Calcasieu Parish, the School Board has been vested with the authority to collect all local sales and use taxes.
The Calcasieu Parish School Board (hereafter the School Board) conducted a sales tax audit. Based upon the audit, on November 16, 1998, the School Board assessed Miller $9,146.95 in sales tax, interest and penalties for its purchases made on behalf of the Port. On December 7, 1998, the School Board assessed Miller with an additional $90,987.91 in sales tax, interest and penalties on additional purchases. The Port and Miller paid the taxes “under protest” and filed suit seeking a refund. The School Board and Miller thereafter filed cross motions for summary judgment.
Miller argued it acted as an agent for the Port and acquired all building materials for the Port’s account. Therefore, Miller argued no sales tax was owed, because the Port was exempt from paying sales tax. The School Board countered that 1 sMiller was not an agent and purchased the construction materials for its own account.
The trial court rendered judgment in favor of the Port and Miller, finding Miller was an agent for the Port. The trial court issued written reasons for judgment, finding an agency relationship was expressly created, and Miller, as agent for the Port, was exempt from paying the sales taxes. The School Board appealed the judgment.
ANALYSIS
It is undisputed that the Port, as a political subdivision of the State of Louisiana, is exempt from sales taxes when it purchases materials. The School Board notes the Port did not handle this project “in-house,” but relied on an outside private contractor (Miller) to handle the project. The private contractor agreed to repair the Port’s dock in accordance with the engineering plans and, in return, the Port agreed to pay it a fixed fee.
The School Board argues that while the tax/agency addendum to the contract labeled Miller as an “agent,” the contract itself failed to empower Miller with the legal authority to purchase building materials on behalf of the Port. The School Board asserts it was Miller, not the Port, who purchased the building materials. Therefore, Miller owes sales taxes on these purchases.
The School Board relies on the case of Bill Roberts, Inc. v. McNamara, 539 So.2d 1226 (La.1988), in support of this proposition. In Roberts, a private contractor was assessed back sales taxes for purchases of equipment and supplied used in construe *1264 tion contracts with various governmental agencies. The appellate court found the private contractor, not the governmental agencies, was the final consumer of the supplies and equipment and that the private contractor was not an agent for the tax exempt agencies. However, the appellate court reversed the assessment on the |4grounds the record did not support the Department of Revenue and Taxation’s determination that the tax was due. Writs were taken to the supreme court.
The supreme court found “[t]he contractor or builder of an immovable has been found to be the ultimate consumer of the building materials that go into constructing the immovable.” Id., at 1229. Since the private contractor was the consumer of the materials and supplies it owed sales tax on the purchases it made. As to the contractor’s argument in Roberts that it was acting as an “agent” for the governmental entities when it purchased materials and supplies pursuant to their contracts, the supreme court noted if the contractor were acting as an agent, sales taxes would not be owed. The contractor relied solely upon the bid forms and purchase orders to establish an agency relationship. The supreme court found the evidence in the record was insufficient to prove an agency relationship existed. It therefore, concluded the contractor was obligated to pay taxes.
The present case is distinguishable from Roberts in that the trial court specifically found an agency relationship existed between the Port and Miller. The trial court gave the following reasons for reaching this conclusion:
One who acts for or in place of another person by authority from him is a mandatory, or agent. Brunet v. Fullmer, 777 So.2d 1240, 1242 (La.App. 4 Cir.2000 [2001]), citing Bank of Greensburg v. Forrest, 520 So.2d 728 (La.1988). An agency relationship may be created by express appointment of a mandatory under LSA C.C. art. 2985 or by implied appointment arising from apparent authority. McManus v. Southern United Fire Ins. [801 So.2d 392], 2001 WL 279028 (La.App. 3 Cir.2001). A principal/agent relationship is determined from the facts surrounding the two parties involved. The Court does not consider the subjective belief of a third party to determine whether or not an agency relationship exists between two different parties. Smason v. Celtic Life Ins. Co., 615 So.2d 1078 [1079], 1085 (La.App. 4 Cir.1993).
An agency is created in much the manner as a contract is made to the extent that the creation results from the agreement between them that such a relation shall exist. Busby v. Walker, 84 So.2d 304, 307 (La.App. 2 Cir.1955). The consent to the establishment of such agency may be either express or implied. Id. An agency created expressly may result from an oral or written agreement of the parties. Id. This would be termed an actual agency. Id. An agency relationship is never presumed, it must be clearly established. McManus.
The Port and Miller entered into a written contract that expressly states that they were creating an agency relationship. Thus, they created an actual agency. “Whatever an agent does within the scope of his authority is, in legal effect, the act of the principal, who is entitle to its advantages.... ” Destrehan v. Louisiana Cypress Lumber Co., 13 So.2d [So.] 230 (La.1983). Therefore, as Miller was acting within the scope of authority granted by the Port, they are entitled to the advantages. The agreement stated that “[a]ll purchases of applicable materials or equipment shall be made by the contractor on behalf of and as the agent of the Lake Charles Harbor *1265 & Terminal District (owner), a political subdivision of the State of Louisiana.” Contract Sect. 6.15.
An agency relationship was expressly created, as stated in Bill Roberts, 539 So.2d at 1229. Therefore, Miller, as agent for the Port, a subdivision of the State of Louisiana, is exempt from paying the sales taxes.
We also note attached to the contract is an addendum signed by representatives of the Port and the Louisiana Department of Revenue and Taxation on April 29, 1993, which reads in pertinent part:
WHEREAS, the parties hereto desire to enter into an agreement to allow the District (the Port) to convey to its potential contractors and vendors its tax exempt status as to transactions arising from contracts for the construction of District owned facilities as reviewed by the Department.
NOW, THEREFORE, for and in consideration of the mutual releases, settlements, dismissals, covenants and agreements between the District, and the Department and the mutual benefits accruing to the parties from the execution of this addendum to the Mutual Settlement Agreement and Release of all claims, the parties heretofore mentioned, agree as follows:
1. The District may disclose to its contractors and vendors that based on a review by the Department of its contract specification and documents used by the District for the construction of District owned facilities, all transactions in which the District is vendee or all transactions arising from its contracts for the purpose of constructing facilities of the District wherein the District’s contractors, subcontractors or suppliers, as agent for the District, purchase materials Dor supplies or other tangibles for incorporation into the District owned facilities are not subject to the imposition of sales tax, pursuant to the provisions of R.S. 47:301(8)(a-c) due to the status of the District as a political subdivision of the State of Louisiana.
(Emphasis added.)
Miller, in not paying sales taxes, did exactly as he was instructed to by the contract between the parties, which in relevant part referred to the addendum that recites specifically that the Port is not subject to sales taxes pursuant to the provisions of R.S. 47:301(8)(a-c) and, as authorized the Department of Revenue and Taxation, may disclose this fact to its vendors and as agents for the District any purchases the contractor makes of materials or supplies or other tangibles for incorporation into the District oumed facilities are not subject to the imposition of sales tax. When purchasing the materials for the project, Miller furnished the suppliers and vendors with the documentation appointing him as agent and further providing that sales taxes were not to be paid. There is no indication in the record that Miller purchased any materials using the documentation for some other project; neither is there any evidence suggesting that the materials acquired by Miller were not incorporated in the Port’s facility. Thus, we find no basis to overturn the trial court’s conclusion that Miller acted as an agent for the Port, and as such, was exempt from the payment of sales taxes.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the Calcasieu Parish School Board.
AFFIRMED.