ODOM, J.
 

 A Delco gas and light plant was installed in the residence of plaintiff in May, 1930, by Rauol A. Levy and Frank Leblanc. In July following plaintiff lighted a match near the plant, when it exploded and injured him. This suit is against Levy, Leblanc, and the Delco-Light Company, in solido, for damages resulting from said injuries.
 

 The Delco-Light Company excepted to the jurisdiction of the court ratione persons, which exception was sustained by the trial court. Plaintiff appealed to the Court of Appeal, First Circuit, which court reversed the judgment of the lower court, overruled the exception, and sent the case back for trial. 138 So. 525, 526. The Delco-Light Company applied to this court for writs which were granted, and the case is now before us in obedience to our order.
 

 1. The question whether the court of East Baton Rouge parish has jurisdiction in an action ex delicto against' the Delco-Light Company is the only one here presented.
 

 The Delco Appliance Corporation, trading as the Delco-Light Company, is a Delaware corporation, not authorized to do business in this state. Act No. 1S4 of 1924, § 1, provides that every corporation organized under the laws of another, state, except corporations engaged in the insurance business, “before being authorized to do business in this State, shall, as a condition precedent thereto, file in the office of the Secretary of State a written declaration of its domicile, the place or places in the State where it is doing business, the place of its principal business establishment and the name of its agent or agents or other officers in this State upon whom process may be served who shall be a resident of the parish where the said corporation has an established business.”
 

 This corporation did at one time file such a declaration with the secretary of state and
 
 *245
 
 named agents upon whom service might he made. But prior to the date on which this suit was filed it canceled that declaration and formally withdrew from the state.
 

 It is claimed hy plaintiff, however, that the defendant corporation, at the time this cause of action arose and when this suit was filed, had an established place of business which it was maintaining in the city of Baton Rouge, this state, at which and from which it was transacting business through an agent named Geo. Foos. 'Service was made on Foos, and it is contended that service on him was good under paragraphs (b) and (c), subd. 6, § 1, Act No. 179 of 191S. Whether such service was good involves the question whether the corporation w,as in fact engaged in business in this state, whether it had a “regularly employed agent or employee * * * in any office which the corporation may have established and maintains in this State.” On the trial of the exception to the jurisdiction, testimony was taken, which testimony is now before us.
 

 2. The defendant corporation manufactures light and gas plants, as well as all manner of appliances and fixtures which go with them. It does not sell plants or fixtures direct to users or “consumers,” hut appoints throughout the country what are known as “distributors”, who are allotted certain territories within which they may “distribute” the plants and products of the corporation. These “distributors” in turn appoint “dealers,” within the territories allotted to them.
 

 The contract which the corporation makes with the “distributor” provides that:
 

 “The company hereby grants to Distributor the franchise to sell Delco-Light Products, repair and replacement parts within the following territory (but not elsewhere) to wit.” (Then follows a statement of the territory within which the “distributor” may sell the products.)
 

 The contract which the “distributor” makes with the “dealers” contains a similar provision. It reads:
 

 “Distributor hereby grants to Dealer the franchise to sell Delco-Light Products, repair and replacement parts within the following territory (but not elsewhere) to wit:” (Then follows a statement of the dealer’s territory.)
 

 At the time plaintiff had the Delco-Light plant installed in his residence, W. P. Galloway Company, of Little Rock, Ark., was the corporation’s “distributor” for the state of Louisiana, and certain counties in Mississippi, and Frank A. Leblanc was its dealer in certain parishes of this state, including East Baton Rouge, where this cause of action arose. Plaintiff contracted with Leblanc to install the plant, and Levy did the work. Leblanc, at the time the plant was installed, had an established place of business in Baton Rouge where he kept on hand Delco-Light units ready for installation together with all kinds of products and fixtures for such plants. In the building where these products were kept, he had an office where he transacted all business in connection with the sale and installation of the plants. His system was to bargain with a home owner to install a plant for a stipulated sum, all costs of installation to he borne hy him. Such was the contract with Downs, the plaintiff. "
 

 It is contended that , the Galloway Company was the agent of the Deleo Corporation, that Leblanc was the agent of the Gallo
 
 *247
 
 way Company, and that therefore Leblanc was the agent of the Delco Company. In other words, that the Delco Corporation was establishing these plants, and that it established this one in particular, through its agent Leblanc. The reason why service was made on Geo. Foos was that he had succeeded the Galloway Company as distributor for this territory.
 

 3. The reason given by the Court of Appeal for holding that the corporation had established this plant for plaintiff through its agents and that it was maintaining an office or establishment in this state was that it reserved certain rights in the contracts with reference to inspection and supervision as well as the right to cancel at will the contracts and to enlarge or reduce the territory. The court found as a fact that a man named Smith came from the Delco-Light factory to Baton Rouge to attend a dealers’ meeting, and that while there he, in company with Levy, who .had installed the plant for Leblanc, -went to plaintiff’s residence to inspect the plant; also a man named Lester, an inspector for the corporation, who attended the same meeting; inspected the plant, and that Smith and Lester took out the burner from the plant and carried it back to the factory. The court found also that Levy, Leblanc’s agent, distributed the literature and advertisement sheets of the Delco-Light Company, which he had received from the Galloway Company. The court observed also that, in the contract which the distributor had with the dealer, there were certain provisions for the protection of the corporation, among them being that the dealer should carry in stock new parts, the amount and kind of which to be specified by distributor from time to time as the distributor might see fit; that the dealer was to sell at specified prices; that the dealer should maintain at his own expense an efficient maintenance and installation service on all Delco-Light products installed in his territory in accordance with instructions issued by the installation department of the Delco-Light Company and to see that all necessary repairs and replacements of Delco-Light products in his territory are promptly and properly made and to maintain a standard of service consistent with Delco-Light policy. It was also stipulated that the dealer should maintain a place of business and display room satisfactory to distributor with right of inspection at all hours and “Dealer agrees further to have his books audited annually by a competent auditor and to furnish a certified copy of s'uch and send it to distributor for its permanent records.”
 

 After referring to these features of the dealer’s contract, the court said:
 

 “The provisions of the dealer’s agreement, hereinabove referred to, show that, after Leblanc had obtained these Delco-Light products, he obligated himself to carry on his business in reference thereto in the capacity, as we construe the contract, as agent for the benefit of the Delco-Light Company.”
 

 4. The error into which the court fell was its failure to give effect to other provisions of the contract and to certain facts adduced on the trial of the motion, which are controlling.
 

 In the contract between the corporation- and the distributor, the distributor is granted a “franchise to sell Delco-Light products,” and in the contract with the dealer the “dis
 
 *249
 
 tributor” grants to the dealer “the franchise to sell Delco-Light Products.”
 

 The contract with dealer provides that:
 

 “Dealer shall pay to distributor upon each and every shipment of Delco-Light Products the amount of the net dealers’ draft as shown on dealers’ price list issued by the distributor’s office from time to time on the following terms; Cash with order, sight draft with 'bill of lading attached (payable with collection charges and exchange) or C. O. D. by express, f. o. b., Dayton, Ohio.”
 

 The testimony shows that this provision of the contract was enforced rigidly, and that Leblanc paid in cash for each and every item he received from the distributor, and further that the particular light and gas unit which ihe installed in plaintiff’s residence was shipped to him in April, 1930, with sight draft .attached to the bill of lading, which draft he paid before removing the property from the railroad station, and that, on being removed, it was carried to his place of business in Baton Kouge, where it remained on the floor until installed in June of that year.
 

 Leblanc therefore owned the property. He had bought and paid for it in full. It was no longer the property of the distributor or of the Delco-Light Company. It belonged to Leblanc. So that, when he installed it in plaintiff’s residence, he installed and set up a plant the component parts of which were his own.
 

 - ■ Article 2439 of the Civil Code reads as follows:
 

 “The contract of sale is an agreement by which one gives a .thing for a price in current money, and the other gives the price in order to have the thing itself. Three circumstances concur to the perfection of the contract, to-wit: the thing sold, the price and the consent.”
 

 In the transaction which took place between the Galloway Company and Leblanc, the dealer, all these circumstances concurred; there were the thing sold, the consent of the parties, and the price which was paid in current money, to which may be added the physical delivery of the property. There was no divided ownership of the property, Leblanc’s ownership was perfect. He had immediate dominion of it.
 

 “Ownership is the right by which a thing belongs to some one in particular, to the exclusion of all other persons.” Civ. Code, art. 488.
 

 It therefore follows necessarily that when Leblanc installed this plant he was not acting as the agent of the defendant. An agent is one who, by authority, performs an act for another, or' a person authorized by another to act for him, one who has been intrusted witth the business of another. The defendant corporation was not engaged in business in this state; it was not erecting Delco plants; it was selling its products to distributors, who in turn sold them to dealers, and the dealers .erected the plants.
 

 If the corporation had done no more than appoint these dealers to sell its products and to erect Delco plants on commission or at so much per plant, the ease might be governed by some of the decisions cited. But, under the contract involved and under the testimony adduced, the defendant parted with title completely to all units and products coming into the hands of the dealers. True the defendant corporation reserved the right to inspect the plants when erected. Its general
 
 *251
 
 inspector did inspect this one. In this and other ways it kept track of the progress and work done by its dealers. All these were matters between it and its dealers. If the dealer had in any respect failed to live up to the contract or to come up to the expectations of the corporation, it had the privilege of canceling the contract to sell. That is what these reservations and supervisory privileges amount to; they mean nothing more.
 

 5. Counsel for plaintiff cite 45 C. J. 892, and certain leading cases, among them being Heckel v. Ford Motor Co., 101 N. J. Law, 385, 128 A. 242. 39 A. L. R. 989, and MacPherson v. Buick Motor Co., 217 N. Y. 382, 111 N. E. 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440. The text and the cases cited go no further than to announce the doctrine that “A manufacturer or seller of an article which is not inherently dangerous but which is rendered dangerous by a defect therein, is liable for an injury to a third person arising from the defect where he had knowledge of the defect x and of the danger * * * or represented the article to be safe and sound.” Quotation from C. J.
 

 Neither the text nor the cases touch the question of agency or jurisdiction, which points alone are involved here.
 

 Another leading ease cited by counsel is Willcox & Gibbs Sewing Machine Co. v. Ewing, 141 U. S. 627, 12 S. Ct. 94, 35 L. Ed. 882. That case involved a suit for damages for the cancellation of a contract for the sale of sewing machines. The contract was similar to the one here involved, and the court said that Ewing was the agent of the sewing machine company for the sale of machines. But the question whether Ewing became the owner of the machines under his contract was-not an issue in that case. The case did not hinge upon that point. In the case at bar that point is involved and is controlling. Leblanc became the owner of the component parts out of which the plant was constructed; so that when he erected it he was not acting as agent to defendant.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed, and the judgment of the district court is affirmed, with all costs.