230 So.2d 759 (1970)
Mrs. Elsie Moore PATRICK, Plaintiff-Appellant,
v.
John A. PATRICK et al., Defendants-Appellees.
No. 11331.
Court of Appeal of Louisiana, Second Circuit.
January 6, 1970.
Rehearing Denied February 3, 1970.
*760 Bethard & Bethard, by Henry W. Bethard, III, Coushatta, for plaintiff-appellant.
Oliver J. Butler, Jr., Houston, Tex., William C. Weitzel, Jr., New York City, by Shirley C. Friend, Jr., New Orleans, for Texaco, Inc., defendant-appellee.
Naff, Kennedy & Goodman, by Robert U. Goodman, Shreveport, for John A. Patrick, defendant-appellee.
Watson, Brittain & Murchison, by Daniel T. Murchison, Natchitoches, for Harvey H. Samuels and Sara Cale Samuels, defendants-appellees.
Before AYRES, DIXON, and PRICE, JJ.
AYRES, Judge.
This is an action for damages predicated upon an alleged conspiracy by defendants to stifle bids and to lessen competition in a judicial sale to effect a partition of certain of the assets of the community of acquets and gains formerly existing between Mrs. Elsie Moore Patrick and defendant, John A. Patrick. Made defendants in addition to Patrick were Harvey H. Samuels, his wife, Mrs. Sara Cale Samuels, and Texaco, Inc. As a result of the alleged fraud, plaintiff claims to have been deprived of an interest in two businesses Patrick's Texaco Service Station and the Trucker's Cafe, located at the southeast corner of the intersection of Louisiana *761 Highway 1 and U. S. Highway 84 at Armistead, Louisianaand to have suffered certain other damages. From a judgment sustaining a motion of Texaco, Inc., for a summary judgment and dismissing plaintiff's action as to that defendant, plaintiff appealed.
The instant case is but one of the most recent in a series of legal proceedings extending over the past three years involving the Patricks. The principal prior actions were: (1) a suit by John A. Patrick against plaintiff, Mrs. Patrick, for a separation a mensa et thoro and for a dissolution of the community of acquets and gains existing between them; (2) a suit by John A. Patrick against Mrs. Patrick for a partition by licitation of the community assets; and (3) a suit by John A. Patrick against Mrs. Patrick for a divorce. As a result of these proceedings, judgments were entered granting a separation, dissolving the community of acquets and gains existing between Mr. and Mrs. Patrick, and ordering a partition by licitation of the community assets. Pursuant to these decrees, the property was sold May 17, 1967, at public auction by the sheriff of Red River Parish. Among the items of property ordered sold was a lease from defendant Texaco, Inc., covering the service station. Plaintiff contends, on this appeal, that the defendants, including Texaco, Inc., were parties to a conspiracy to commit a fraud upon her by agreeing that no one, except defendant John A. Patrick, would be permitted to operate the service station irrespective of who might acquire the lease at the sheriff's sale.
It appears appropriate to point out that the term of the original lease was 10 years and that, on the approach of its expiration in 1967, a renewal was entered into on an annual basis with the agreement that the lease could not be assigned or transferred without lessor's Texaco's permission.
Plaintiff's position that Texaco, Inc., was a co-conspirator with Patrick and Mr. and Mrs. Samuels is based on the contention that Samuels was acting as agent for Texaco, Inc., when he allegedly made certain statements prior to the sheriff's sale to the effect that Texaco, Inc., was a party to an agreement with defendant Patrick and Mr. and Mrs. Samuels that no one other than Patrick would be permitted to operate the service station covered by the lease which was to be sold at public auction. Following the filing of its answer, Texaco, Inc., filed a motion for a summary judgment, pursuant to LSA-C.C.P. Art. 966, alleging there was no genuine issue as to any material fact with respect to plaintiff's action against it.
At the time of the filing of the motion, there were on file and of record in the case the following:
1. Plaintiff's original and first and second supplemental petitions;
2. Texaco, Inc.'s, answer;
3. Depositions of plaintiff and of her attorney, as well as those of defendants Patrick and Samuels and that of Felix de la Houssaye, district sales manager of Texaco, Inc.
No contrary affidavits or depositions were submitted by plaintiff in response to Texaco's motion for a summary judgment or to controvert the testimony contained in the depositions. Plaintiff and her attorney asserted, in their depositions, that plaintiff's claim against Texaco, Inc., was based solely upon Samuel's alleged relationship with Texaco, Inc., as its agent.
Questions are raised as to whether the service station lease was property which could lawfully be sold at a sheriff's sale or was even in existence at the time of the sale, whether any type of conspiracy was ever in existence, whether the statements purported to have been made by Samuels were actually made by him, whether a conspiratorial agreement, such as plaintiff alleges, would be unlawful, and whether plaintiff was actually defrauded by the alleged conspiracy. It is unnecessary to resolve these issues, for, irrespective of *762 their merits against the other defendants, plaintiff may only prevail in her action against Texaco, Inc., by showing that Texaco was actually and in fact a party to the alleged conspiratorial agreement. This basic principle of law is tersely stated in 15A C.J.S. Conspiracy § 17, pp. 651-652: "To be liable as a conspirator a person must have participated intentionally in the conspiracy with a view to the furtherance of the common design * * *." Therefore, plaintiff, in order to prevail in this action, must establish that Texaco, Inc., was actually a party to the alleged conspiracy and, inasmuch as that claim is predicated solely on the assertion that Samuels was acting as agent for Texaco when he allegedly made the statements of which plaintiff complains, a primary question is whether Samuels was actually authorized by Texaco, Inc., to act as its agent in the purported conspiratorial agreement.
An "agent" is defined as "one who acts for or in the place of another by authority from him; * * *." 2 C.J.S. Agency § 1c, pp. 1023, 1025. Therefore, an individual is not liable for the acts of one who assumes, without authority, to act for him in the capacity of agent. 3 C.J.S. Agency § 234, pp. 144-145. These principles are recognized in the jurisprudence of this State. For instance, in a definition found in Downs v. Delco-Light Co., 175 La. 242, 143 So. 227, 230 (1932), it is stated: "An agent is one who, by authority, performs an act for another, or a person authorized by another to act for him, one who has been intrusted with the business of another."
Moreover, in an action based on the existence of an agency relationship, such relationship must be clearly established since it cannot be presumed. Frank Grocery Co. v. Mandel, 152 So. 775, 776 (La.App., 2d Cir. 1934). It is equally well established that an alleged agent's statements cannot establish an agency relationship. Frank Grocery Co. v. Mandel, supra. Moreover, testimony as to an alleged agent's statements is not admissible in evidence to establish such a relationship. A statement of this principle of law in 3 C.J.S. Agency § 322c, pp. 276, 278, is:
"It is a well established general rule that the declarations, admissions, representations, or statements of an alleged, assumed, or reputed agent are not admissible in evidence to prove the fact of his agency as against the alleged principal * * *."
This basic principle of law is adhered to in the jurisprudence of this State. See:
In re Lafourche Transp. Co. v. Pugh, 52 La.Ann. 1517, 27 So.2d 958, 959 (1900); State v. Harris, 51 La.Ann. 1105, 26 So. 64, 65 (1899); De Rouen v. Aiavolasiti, 121 So. 2d 851 (La.App., Orl.1960); Frank Grocery Co. v. Mandel, supra; Getty v. Chalmette Petroleum Corp., 145 So. 568, 569 (La.App., Orl.1933).
In determining whether Samuels was actually authorized by Texaco, Inc., to act as its agent in connection with the alleged conspiratorial agreement, we must, but need only, look to the uncontroverted facts of the record. In this regard Felix de la Houssaye, district sales manager of Texaco, Inc., testified in his deposition that neither he nor any other Texaco official ever authorized Samuels to act for Texaco, Inc., either in connection with the alleged conspiratorial agreement or in any other connection with respect to the sale or disposition of the service station lease from Texaco, Inc., to Patrick.
Samuels testified, in his deposition, that he was never authorized by Texaco, Inc., to act for it in any connection with respect to the sale or disposition of the service station lease from Texaco, Inc., to Patrick. In fact, he denied that he ever told Mrs. Patrick or anyone else that he was authorized by Texaco, Inc., to act for it in that connection. Moreover, Mrs. *763 Patrick admitted, in her deposition, that neither Samuels nor any Texaco official ever advised her or anyone else that Samuels was authorized by Texaco, Inc., to act for it in any connection with respect to the sale or disposition of the service station lease. She further testified that she did not have any documentary evidence to show that Samuels was authorized by Texaco, Inc., to act for it in such a connection.
The conclusion, from these facts, is that Samuels was not authorized by Texaco, Inc., to act as its agent in connection with any conspiratorial agreement, that plaintiff has no evidence to establish that fact, and there is, therefore, no genuine issue as to any material fact with respect to plaintiff's action against Texaco, Inc., based upon any alleged agreement of conspiracy.
Nor do we find any basis for the contention that a summary judgment in the instant case is barred by the provisions of LSA-C.C.P. Art. 969. This article provides:
"Judgments on the pleadings and summary judgments shall not be granted in any action for divorce, separation from bed and board, or annulment of marriage, nor in any case where the community, paraphernal, or dotal rights may be involved in an action between husband and wife."
In this connection it may be pointed out that the Patricks were not husband and wife when this action was instituted; the service station lease was executed after they were divorced and after the community had been dissolved. This action is one in tort wherein plaintiff seeks to recover damages based on an alleged conspiracy to commit a fraud. Moreover, in an official comment under LSA-C.C.P. Art. 969, it is stated:
"(a) The rules set forth in this article were taken directly from the Pleading and Practice Act, former R.S. 13:3601 (4), under which they apply only to the motion for judgment on the pleadings. These rules were extended to the motion for summary judgment to prevent collusive judgments under the motion for summary judgment in divorce actions and other suits involving the rights of married women."
As was observed in Burrell v. Baton Rouge Securities Company, 169 So.2d 668, 669 (La.App., 1st Cir. 1964):
"The very purpose of a motion for summary judgment is to pierce behind the allegations in the petition which may set up a cause of action but upon which the plaintiff cannot produce any proof whatever in support of same."
The testimony of those who presumably would have knowledge of the facts in the instant case disproves the basis of plaintiff's claim. Plaintiff, in her deposition, admits she has no other testimony, documentary or otherwise, that would establish a relationship of principal and agency between Texaco, Inc., and any other person in connection with her charge there existed a conspiracy in which Texaco, Inc., was a party. Though plaintiff's petition may have stated a cause of action, the record clearly establishes she cannot produce any proof upon an indispensable link of circumstances in her claim.
For the reasons assigned, we find no error in the judgment appealed. It is accordingly affirmed at plaintiff-appellant's costs.
Affirmed.