LOTTINGER, Judge.
This is a suit for damages under uninsured motorist coverage in an insurance policy issued by the defendant, United States Fidelity and Guaranty Company of New York (hereinafter sometimes referred to as USF&G). From a summary judgment in favor of the defendant-insurer, the plaintiff has appealed.
The plaintiff, Donaldson Hayward, was on March 30, 1974, employed by Capital City Press[1] and operating a truck owned by his employer, when while stopped, was rear-ended by a vehicle operated by Simon F. Ford. It is alleged that Ford’s negligence caused the accident, that he was uninsured at the time of the accident, and that the defendant, USF&G, had issued to Capital City Press a public liability insurance policy containing uninsured motorist coverage.
USF&G moved for summary judgment dismissing the suit inasmuch as no uninsured motorist coverage was afforded in the insurance policy issued to Capital City Press as this coverage had been rejected by the insured. In support of the motion for summary judgment, USF&G filed an affidavit of its claims supervisor in its Baton Rouge office who had actual custody and access to all policy records relating to policies of insurance issued by USF&G in Louisiana. The claims supervisor attested to the fact that in a letter received by USF&G from the Comptroller of Capital City Press, Mr. Lawerence D. Guelfo, a copy of which letter was attached to the affidavit, and dated February 12, 1973, uninsured motorist coverage was rejected, and the affidavit specifically mentions two policies by number. The letter of Mr. Guelfo declined uninsured motorist coverage for the policy that was then in existence, as well as any subsequent renewals until coverage was later requested. In further support of the motion for summary judgment, an affidavit of Mr. Guelfo was also filed setting forth that he was the Comptroller of Capital City Press, that he was the author of the letter above referred to, that he had as Comptroller specifically rejected uninsured motorist coverage on the policy then in existence, and that this rejection of uninsured motorist coverage was within and pursuant to his authority as Comptroller of Capital City Press. Also attached to the motion for summary judgment *494 was a copy of the insurance policy covering Capital City Press for the dates January 1, 1973, to January 1, 1974, showing no uninsured motorist coverage. There were no opposing affidavits filed by the plaintiff.
The plaintiff contends that there was not sufficient proof before the Trial Court that the named insured had rejected uninsured motorist coverage, and thus a genuine issue of material fact existed so as to prohibit the granting of the summary judgment. Plaintiff argues that since the uninsured motorist coverage was supposedly rejected by Mr. Guelfo, an agent of Capital City Press, that more proof other than the affidavit of the supposed agent is needed to establish his relationship with Capital City Press, and thus his authority to reject the uninsured motorist coverage. Patrick v. Patrick, 230 So.2d 759 (La.App. 2nd Cir. 1970).
The question, however, before this Court is whether there was sufficient evidence before the trier of fact to “show that there [was] no genuine issue as to material fact, and that mover [was] entitled to judgment as a matter of law.” LSA-C.C.P. art. 966. We are of the opinion that regardless of whether Mr. Guelfo could by his own statements prove his relationship to Capital City Press, that there was sufficient evidence before the trier of fact to justify a summary judgment. There is no question but that USF&G did not include uninsured motorist coverage in the insurance policy issued to Capital City Press, nor did they charge a premium for said coverage.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.

. Capital City Press is a partnership made up of Charles P. Manship, Jr. and Douglas Manship.