351 So.2d 277 (1977)
Catherine Ann Young CRAFT et al., Plaintiffs-Appellants,
v.
Leroy TRAHAN et al., Defendants-Appellees.
No. 6124.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
Rehearing Denied November 10, 1977.
*278 Neblett & Fuhrer by Leonard Fuhrer, Edward E. Roberts, Alexandria, for plaintiffs-appellants.
Stockwell, Sievert, Viccellio, Clements & Shaddock by Fred H. Sievert, Jr., Raggio, Farrar, Cappel & Chozen, Fred L. Cappel, Lake Charles, Arnett & George, Gregory Arnette, Jr., Jennings, Stafford, Randow, O'Neal & Smith, Harry F. Randow, Alexandria, Brame, Bergstedt & Brame by Joe A. Brame, Lake Charles, H. O. Lestage, III, DeRidder, for defendants-appellees.
Leroy Trahan, pro se.
Before HOOD, CULPEPPER and GUIDRY, JJ.
HOOD, Judge.
Mrs. Catherine Ann Young Craft, individually and as natural tutrix of her two minor children, claims damages for the death of her husband, David Lee Craft, who was killed when a truck he was driving collided with a truck being driven by Leroy Trahan. The suit was instituted against Trahan and a number of other defendants, two of them being Empire Indemnity Insurance Company and Empire Fire and Marine Insurance Company, both of which companies are referred to collectively herein as "Empire." A summary judgment was rendered rejecting plaintiff's claims against Empire insofar as those claims are based on the allegation that Trahan was an insured of Empire. Plaintiff appealed.
The issues presented are (1) whether Leroy Trahan was an "insured" under a policy of insurance issued by Empire covering the truck Trahan was driving, and (2) whether the rendering of a summary judgment is appropriate or justified in this instance.
The accident occurred on May 10, 1975, on U. S. Highway 190, in Calcasieu Parish, Louisiana. Leroy Trahan was driving an International truck owned by Sears Truck Line, Inc., of Jasper, Texas, east on that highway. Plaintiff's husband was driving a Chevrolet log truck west on the same thoroughfare. The two vehicles collided and Craft died of the injuries which he received as a result of that collision.
At the time the accident occurred, there were in effect two automobile liability policies issued by Empire to Sears, one of which covered the truck which was being driven by Trahan. The principal issue presented in this case is whether Trahan was an "insured" under that policy.
Sears owns and operates a fleet of trucks. It buys new and used trucks from Atterbery International, Inc., of Lake Charles, and it frequently engages Atterbery to *279 make repairs on its trucks. Atterbery is a truck sales agency. It maintains a shop where it performs repair work on trucks, but it does not do any paint and body work at its shop. It generally subcontracts that work out to others, primarily to Mac's Paint and Body Shop, of Lake Charles.
Mac's Paint and Body Shop is engaged in the business of repairing motor vehicles, and it specializes in paint and body work on automobiles and trucks. Mac's is owned and operated by Leroy Trahan's son, Malcolm Trahan. Malcolm had been engaged in that business for about six months before the accident occurred, and he was relatively inexperienced in that kind of work. Leroy, on the other hand, has had many years of experience in repairing automobiles and trucks. Although Leroy is not employed regularly by Mac's, Malcolm uses his father to make estimates on jobs since Malcolm has had no experience at all in that part of the business. He also engages Leroy to do some types of work in the shop which Malcolm cannot perform, and he pays his father on a commission basis for the work which he does. He also lets Leroy use the shop, without charge, to do automobile and truck repair work which Leroy personally contracts to perform.
Shortly before the accident occurred, Sears informed Atterbery that it had some trucks which needed to be repaired. A representative of Atterbery thereupon told Sears that he would send someone to Jasper, Texas, to look at the trucks and to make an estimate as to the cost of making the repairs.
The representative of Atterbery then contacted Malcolm Trahan and requested that he go to Sears' place of business in Texas to look at the trucks which needed repairs and make an estimate of the costs which would be incurred in making them. The representative asked Trahan to drive an Atterbery truck to Texas and deliver it to Sears, and to pick up another truck which belonged to Atterbery and return it to Lake Charles. Malcolm agreed to make the trip, as requested, but he informed Atterbery's representative that he would have to take his father, Leroy, with him, because Leroy was the only person who was qualified to make the cost estimates. The arrangement was that the Trahans were to perform the repair work on the Sears truck or trucks in the event Sears decided to have that work done.
Malcolm and Leroy thereupon drove the Atterbery truck to Texas, as planned. While there, Leroy made estimates of the cost of performing the work which Sears wanted to have done. Sears then asked the Trahans to drive one of its trucks back to Lake Charles for repairs, as well as the Atterbery truck which was to be returned. The Trahans agreed to do that. Malcolm then drove the Atterbery truck, and Leroy drove the truck owned by Sears which was being taken to Lake Charles to be repaired. The accident occurred while the parties were en route to Lake Charles in those vehicles.
In this suit, plaintiff claims that Leroy Trahan was an omnibus insured under the policy issued by Empire to Sears covering the truck which Leroy was driving. The trial judge concluded that Leroy was not an insured under that policy, and he rendered a summary judgment rejecting plaintiff's demands against Empire. Plaintiff appealed, and it is that appeal which is before us now.
The policy which was issued by Empire to Sears, covering the truck which was being driven by Leroy Trahan, contained the following provision:
"III. Definition of Insured. (a) With respect to the insurance for bodily injury liability . . . the unqualified word `insured' . . . also includes any person while using the automobile . . ., provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply: (1) to any person or organization, or to any agent or employee thereof, operating an automobile sales agency, repair shop, service station, storage garage or public parking *280 place, with respect to any accident arising out of the operation thereof, . . ." (Emphasis added).
The trial judge did not assign reasons for judgment. He obviously found, however, that Leroy Trahan either was operating an automobile repair shop or was the agent or employee of a person who was operating such a shop, and that the accident arose out of the operation of that shop. If the evidence supports those findings, then we must agree with the court that the above exclusionary clause applies, and that Leroy is not an insured under the policy.
Plaintiff argues that the receivable evidence in the record does not support those factual findings. She claims, first, that the pick up and delivery of vehicles was not an integral part of the operation of Mac's Paint and Body Shop, and that the accident thus did not arise out of the operation of that business. Second, she contends that Leroy was not operating a repair shop and that he was not an agent or employee of Mac's repair shop at the time the accident occurred. She maintains that the above exclusionary clause does not apply, and that Leroy must be held to be an omnibus insured under the policy.
The established rule is that any doubt or ambiguity as to the meaning of a provision in an insurance policy must be construed liberally in favor of the insured and against the insurer. When the ambiguity relates to an exclusionary clause or to a provision which limits liability under the policy, the law requires that the contract be interpreted liberally in favor of providing coverage. Smith v. Ranger Insurance Company, 301 So.2d 673 (La.App. 3 Cir. 1974); Spain v. Travelers Indemnity Company, 321 So.2d 10 (La.App. 3 Cir. 1975).
The evidence presented at the trial of the motion for summary judgment in the instant suit consisted largely of the pertinent insurance policies and four depositions. We have considered the evidence and the issues presented with the above rules in mind.
In Deville v. United States Fidelity and Guaranty Company, 258 So.2d 694 (La.App. 3 Cir. 1972), an accident occurred while an employee of the repair shop was delivering the "owned automobile" to the shop for repairs. The policy excluded from coverage an owned automobile "while used by any person while such person is employed or otherwise engaged in the automobile business." We held that the exclusionary clause applied, that the driver was using the car while employed and engaged in the automobile business, and that the policy afforded no coverage in that case.
The policy involved in Northern Assurance Company v. State Farm Mutual Automobile Insurance Company, 320 So.2d 343 (La.App. 2 Cir. 1975), contained the same exclusionary clause as does the policy which is before us in the instant suit. An accident occurred while an employee of the repair shop was returning a serviced automobile to the owner. The reviewing court held that the accident arose out of the operation of the repair shop, and that the driver thus was excluded from coverage.
Plaintiff attempts to distinguish the cited cases from the instant suit on the ground that in those cases the pick up and delivery of vehicles was a significant part of the operation of the repair shop. She contends that the pick up and delivery of vehicles for repair by Mac's Paint and Body Shop was not an "integral part of the overall operation" of that shop, that it was not a "part and parcel" of the business, that it was not a "routine and significant portion" of the operation of the repair shop, and that it was not a "significant portion of the usual work activities" of that shop. She reasons that since the pick up and delivery of vehicles was not a significant part of the operation of Mac's, and since the accident occurred before the delivery of the truck to the shop had been completed, the accident cannot be said to have arisen out of the operation of the repair shop.
As correctly pointed out by plaintiff, we stated in Deville, supra, that the pick up and delivery of vehicles to be serviced was a "routine and significant portion of the activities" of the repair shop. That was a correct statement of our factual finding.
*281 We did not mean to imply by that statement, however, that such a finding was essential for there to be an exclusion of coverage under the provisions of that policy. Certainly, the holding in Deville does not support plaintiff's argument that a factual finding that pick up and delivery was a significant part of the operation of the repair shop is necessary before the much broader exclusionary provisions of the policy involved here should be applied.
In Northern Assurance Company, supra, where the policy provision was identical to the one being applied here, the court did not find that the pick up and delivery service was a significant part of the activities of the repair shop. It simply noted that an employee "did pick up and deliver cars to be serviced or those that had been serviced when the service manager . . . so ordered." It recognized the fact that the exclusionary clause involved there (and in the instant suit) was "broader" than was the clause involved in Deville, and it concluded that the accident arose out of the operation of the repair shop, since it occurred while the serviced automobile was being returned to the owner.
The language used in the exclusionary clause involved here is clear and unambiguous. The evidence shows that the truck had been picked up in Texas and was being delivered to Mac's Paint and Body Shop, in Louisiana, to be repaired at the time the accident occurred. We think the pick up and delivery of the truck for that purpose constituted a part of the operation of the repair shop. We conclude, therefore, that the accident arose out of the operation of the repair shop.
We turn now to the question of whether Leroy Trahan was operating a repair shop, or whether he was an agent or employee of a person who was operating one, at the time the accident occurred.
Malcolm, the owner of Mac's Paint and Body Shop, concedes that Leroy was not an employee of that shop at the time the accident occurred. The evidence shows, however, that Malcolm regularly engaged his father to make estimates on work to be undertaken by Mac's. He frequently had Leroy perform repair work which Mac's undertook to do but which Malcolm was unable to perform, and when that occurred he paid Leroy for the work which was done. Leroy uses the facilities at the repair shop, without charge, to do repair work which he individually contracts to perform. Leroy devoted a substantial part of his time to that work. He had no other occupation and no other employment.
Shortly before the accident occurred, Malcolm informed a representative of Atterbery that his father would accompany him to Texas to make the cost estimates for repairing the Sears trucks. On the day before that trip was made, Leroy, Malcolm and the representative from Atterbery met and discussed the proposed trip, and it was agreed at that time that Leroy would accompany his son to Texas for the purpose of making those estimates. On that trip, Leroy wore a uniform which bore his name and the name "Mac's Paint and Body Shop." He made the estimates in behalf of that business establishment, and he drove the Sears truck from Texas to Louisiana for the express purpose of taking it to Mac's Paint and Body Shop where the repairs were to be made on it. Sears was to pay Mac's for the repair work, and Mac's in turn expected to obtain the parts it needed from Atterbery.
An "agent" is defined as one who acts for or in the place of another, by authority from the latter. Downs v. Delco-Light Co., 175 La. 242, 143 So. 227 (1932); Patrick v. Patrick, 230 So.2d 759 (La.App. 2 Cir. 1970). An agency relationship may be created by the parties thereto either expressly or by implication. The essential test to be applied in determining whether an implied agency exists, is whether the principal has the right to control the conduct of the agent, and whether the agent has the right and authority to represent or bind the principal. LSA-C.C. arts. 2985, et *282 seq.; Automotive Finance Co. v. Kesk, Inc., 200 So.2d 136 (La.App. 4 Cir. 1967).
In the instant suit, we find that an agency relationship between Mac's Paint and Body Shop and Leroy was created, either expressly or by implication, shortly before the accident occurred. Leroy unquestionably was authorized to represent Mac's in making the cost estimates, and we think he was empowered to bind that repair shop by the estimates which he made. We assume that Sears relied on the estimate made by Leroy when it sent its truck to Lake Charles to be repaired by Mac's and we feel that the repair shop was legally bound by that estimate. We also believe that Leroy acted as agent for Mac's Paint and Body Shop in driving the Sears truck from Jasper, Texas, to Lake Charles for the purpose of having the vehicle repaired at that shop.
We conclude that Leroy was acting as an agent for Mac's Paint and Body Shop when the accident occurred. Since we have already determined that the accident arose out of the operation of that repair shop, it necessarily follows that the exclusionary clause in the Empire policy applies, and that Leroy Trahan was not an insured under the policy. In view of that conclusion, it is unnecessary for us to consider the additional argument made by defendant that Leroy was engaged personally in the operation of a repair shop.
Plaintiff contends, finally, that the rendering of a summary judgment in this case is not appropriate or justified because a genuine issue of material fact exists.
Applicable here is the rule that a party who seeks a summary judgment bears the burden of showing that there is no genuine issue of material fact. The burden is such that all reasonable doubt must be resolved in favor of a trial on the merits. George & George, Ltd. v. Bennett, 329 So.2d 793 (La.App. 1 Cir. 1976); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Vallery v. Olin Corporation, 337 So.2d 631 (La.App. 3 Cir. 1976).
In the present suit, plaintiff contends that genuine issues of fact exist as to whether an employer-employee relationship existed between Mac's Paint and Body Shop and Leroy Trahan, whether an agency relationship existed between those parties, and whether the pick up and delivery of vehicles to the repair shop constituted a significant part of the operation of that business institution.
Plaintiff, as we understand her arguments, does not question the facts which are presented. She argues that the evidence is not convincing or that it is not sufficient to establish all of the facts which she feels are essential to show that the exclusionary clause applies. She also contends that the trial court erred in its interpretation of the exclusionary clause involved here and the law.
Our examination of the pleadings and of the evidence convinces us, as it did the trial judge, that no issue exists as to any material fact. We believe that the uncontradicted facts presented at the hearing are sufficient to support the summary judgment which was rendered.
We conclude that defendant Empire has satisfied the burden of proof which rested on it, and that there is no error in the judgment of the trial court which rejects plaintiff's demands against that defendant.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.