583 So.2d 583 (1991)
Margaret Joan GRANGER, Plaintiff-Appellant,
v.
Bobby DEVILLE d/b/a Highway 13 Auto Sales & Services, Inc., Defendant-Appellee.
No. 90-95.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*584 Daniel J. McGee, Mamou, for plaintiff-appellant.
J. Jake Fontenot, Mamou, for defendant-appellee.
Before DOMENGEAUX, C.J., and FORET and DOUCET, JJ.
DOUCET, Judge.
This is an appeal from a judgment denying a claim for redhibition.
The plaintiff-appellant, Margaret Joan Granger, bought a used 1982 Chevrolet Monte Carlo automobile from the defendant-appellee, Highway 13 Auto Sales, Inc., in Mamou, La. for $2,000.00 on September 2, 1988. A few days later, she brought the car to a vehicle inspection station to get an inspection sticker. She was denied a sticker because the car's horn wasn't working. Upon being contacted, Bobby Deville, the owner of Highway 13 Auto Sales, Inc., agreed to pay for the horn to be repaired at Derrel Landreneau's repair shop. On September 8, 1988, Mrs. Granger brought the car to Landreneau for repairs. When the repairs were completed, she sent her adult son, Phillip, to get the car from the repair shop. While he was there to retrieve the car, Landreneau told Phillip Granger that the car had a leaky water pump. Landreneau showed the leak to Phillip Granger and told him to tell his mother it needed fixing. Phillip Granger dropped the car off at his mother's place of employment but failed to tell her about the leak.
The next day, September 9, 1988, Mrs. Granger sent Phillip to Daryl McGee's Service Station to have the car serviced before the two drove it to Beaumont, Texas. She instructed him to have the oil and water checked. There he was again told about the leaky water pump. He returned the car to his mother. He did not tell his mother about the leak. The two left for Beaumont a day or two later without doing anything about the leak. The car overheated near Vinton, La., and the engine burned. It was taken to a mechanic in Lake Charles, La. Several days later, the car *585 was returned to Mrs. Granger. Again, it overheated and burned.
Mrs. Granger filed this suit for redhibition, claiming that the automobile, at the time of sale, contained an undisclosed defect which rendered it useless for its intended purpose and ultimately caused the ruin of the vehicle. After a trial on the merits, the trial judge dismissed Mrs. Granger's claim. She appeals.
"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold which renders the thing either absolutely useless or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the vice. LSA-C.C. art. 2520; Gisclair v. Cajun Trucking, Inc., 421 So.2d 339 (La.App. 1st Cir.1982). To sustain a suit in redhibition, a purchaser must prove that: (1) the thing sold is absolutely useless for its intended purpose or its use so inconvenient that had he known of the defect, he would never have purchased it; (2) the defect existed at the time of sale but was not apparent; and (3) the seller was given an opportunity to repair the defect. Coffey v. Cournoyer Oldsmobile-Cadillac-GMC, Inc., 484 So.2d 798 (La.App. 1st Cir.1986); Gisclair v. Cajun Trucking, Inc., supra; Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La. App. 1st Cir.1976).
The warranty created against redhibitory defects applies to the sale of used equipment, but it is not as extensive as in the sale of new equipment. However, what is required is that the equipment must operate reasonably well for a reasonable period of time. Wagnon v. Hebert, 520 So.2d 1136 (La.App. 3rd Cir. 1987); Gisclair v. Cajun Trucking, Inc., supra; Dunn v. Pauratore, 387 So.2d 1227 (La.App. 1st Cir.1980). Therefore, obviously the sale of an older car does not carry the same warranty as does the sale of a new one. Inherent in the sale of an older car is the knowledge that the machinery and parts are worn and subject to breakdown and that the vehicle will require mechanical work from time to time to keep it in good running condition."
Burch v. Durham Pontiac Cadillac, Inc., 564 So.2d 380, 382 (La.App. 1st Cir.1990), writ denied, 569 So.2d 968 (La.1990).
Defects which appear more than three days after the sale do not enjoy the presumption that they pre-existed the sale. La.C.C. Art. 2530. However, in the absence of other explanation, defects which do not usually result from ordinary use for the amount of time passed may be inferred to have pre-existed the sale. Perrin v. Read Imports, 359 So.2d 738 (La.App. 4th Cir.1978). In this case, the leaky water pump was first noticed about six days after the sale. Since this is the type of problem which results from long use, and since the problem arose such a short time after sale, we will assume it existed at the time of sale. Further, it is probable that Mrs. Granger would not have purchased the car had she known of the defect.
The question remaining here is whether Mrs. Granger tendered the vehicle for repair in a timely fashion.
"Furthermore, when a seller is in good faith, he must be given an opportunity to repair the thing before a redhibitory action can be brought, whereas a bad faith seller has no corresponding right. LSA-C.C. Arts. 2531 and 2545; Jordan v. LeBlanc and Broussard Ford, Inc., 332 So.2d 534 (La.App. 3rd Cir.1976); Associates Financial Services Co. v. Ryan, 382 So.2d 215 (La.App. 3rd Cir.1980)."
Almanza v. Ford Motor Co., 499 So.2d 733 (La.App. 3rd Cir.1986).
Mrs. Granger made no showing of bad faith on the part of Highway 13 Auto Sales, Inc. Therefore, its primary duty is only to repair, remedy, or correct the vice as provided in La.C.C. Art. 2531. If the seller is unable to repair or fails or refuses to do so, it must return the purchase price. Reid v. Leson Chevrolet Co., Inc., 542 So.2d 673 (La.App. 5th Cir.1989); Perrin v. Read Imports, Inc., supra.
The plaintiff contends that she did not know about the water pump until the engine burned. She further argues that *586 since she tendered the automobile for repair after it burned, she has fulfilled her obligations and is entitled to redhibition.
The trial court found that Phillip Granger was acting as an agent for Mrs. Granger when he learned of the leaky water pump. Therefore, his knowledge was imputed to her, rendering her tender untimely. If Phillip Granger was in fact acting as agent for Mrs. Granger when he learned of the defect, then she can be charged with that knowledge.
"It is a well settled principle that knowledge possessed by the agent is imputed to the principal even if the agent neglected to specifically convey those facts to the principal."
Bank of Louisiana v. Argonaut Insurance Co., 248 So.2d 349, 352 (La.App. 4th Cir.1971).
This court, in Craft v. Trahan, 351 So.2d 277, 281 (La.App. 3rd Cir.1977), writ refused, 353 So.2d 1336 (La.1978), defined an agency relationship as follows:
"An "agent" is defined as one who acts for or in the place of another, by authority from the latter. Downs v. Delco-Light Co., 175 La. 242, 143 So. 227 (1932); Patrick v. Patrick, 230 So.2d 759 (La.App. 2 Cir.1970). An agency relationship may be created by the parties thereto either expressly or by implication. The essential test to be applied in determining whether an implied agency exists, is whether the principal has the right to control the conduct of the agent, and whether the agent has the right and authority to represent or bind the principal. LSA-C.C. arts. 2985, et seq.; Automotive Finance Co. v. Kesk, Inc., 200 So.2d 136 (La.App. 4 Cir.1967)."
We find that an agency relationship existed between Mrs. Granger and her son, Phillip. The evidence supports a finding that Phillip was authorized to represent her both at Landreneau's and at McGee's Service Station.
Where the buyer uses the thing purchased after acquiring knowledge of a redhibitory defect and fails to tender it for repair within a reasonable time, she waives her right to claim the benefit of redhibition. General Motors Acceptance Corp. v. Sims, 472 So.2d 111 (La.App. 5th Cir.1985); C.T. Street v. Breland, 88 So.2d 56 (La. App. Orleans 1956).
Since Mrs. Granger is charged with the knowledge acquired by her agent, it was her responsibility to tender the car to the seller. The testimony establishes that, had she done so, the seller would have had it repaired. Instead, she continued to use it, thereby causing the vehicle's ruin. As a result, the trial court correctly found that Mrs. Granger was not entitled to claim redhibition.
Accordingly, the judgment of the trial court is affirmed. Costs are to be paid by the appellant.
AFFIRMED.