EDWARDS, Judge.
In 1976, Shatter Chenevert, owner of Livingston Roofing Company, Inc., was contacted by two men, Briggs and Birnbaum, relative to repairing roof leaks at the Village Square Shopping Center in Baton Rouge. Briggs and Birnbaum, claiming to represent the shopping center’s owners, had an office in, and access throughout, the center. Furthermore, they knew about the building’s workings and machinery.
Chenevert inspected the roof and informed Briggs and Birnbaum that the roof needed replacement rather than repair. Nevertheless, the men requested that Chenevert repair it in spite of his protestations that mere repair was insufficient.
Livingston Roofing made the initial repairs but was called back twice for further work. Three bills were submitted to Aries Engineering of Baton Rouge. Those invoices were for $4,660.14, $283.09 and $215.41. Partial payment was made by Village Square Construction of New Orleans. The entire bill for $283.09 was paid but only $3,000.00 of the $4,660.14 bill and none of the $215.41 charge was paid.
Chenevert, eventually learning that Samuel B. Katz was part owner of Village Square, through counsel demanded payment of the balance. On February 14,1978, using Village Square stationery, Katz answered as follows:
“Mr. E. Wade Shows
Adcock & Dupree
Attorneys at Law
621 Main Street
P.O. Drawer 3037
Baton Rouge, Louisiana 70821
Dear Mr. Shows:
Your letter addressed to the writer of February 13, 1978, has been received for which I thank you.
It was my understanding that Livingston Roofing Company, Inc., had been paid in full for the work performed at Village Square Shopping Center.
Unfortunately, satisfaction was never gotten from the work performed by Livingston Roofing Company, Inc., and ultimately it was necessary to bring in another roofer to sove (sic) the problem. I hereby deny any outstanding debt to your client as it is the writer’s feeling that he has been paid in full for the work performed.
Should additional information be needed concerning this matter kindly contact me *397 at the address and phone on the letterhead.
Assuring you of my full cooperation,
I remain
/s/Samuel B. Katz Samuel B. Katz Partner”
Subsequent to this letter, Chenevert instituted proceedings in the name of Livingston Roofing Company, Inc. After trial, Katz was condemned to pay $1,875.65, interest and costs. Katz appeals. We affirm as amended.
Appellant specifies that the trial court erred in:
1. admitting evidence which enlarged the pleadings,
2. admitting hearsay to establish the agency, and
3. finding an agency relation in which Katz was a principal obligated to plaintiff.
After oral argument, appellant filed peremptory exceptions of no right or cause of action and prescription.
In the original petition, plaintiff alleged that Katz owed $2,158.64. At trial, some testimony was heard, over defendant’s objection, that the contract had been on a cost plus rather than a fixed basis. Appellant urges that this testimony prejudiced his ability to defend.
A review of the record demonstrates that whatever the contractual details, the buildings, roof leaks, work done and amount claimed were the same. There was no enlargement of the pleadings and appellant was not prejudiced.
Katz claims that hearsay was improperly allowed to establish the agency of Briggs and Birnbaum. It is true that the declarations and representations of an alleged or reputed agent are not admissible evidence to prove the fact of his agency against the principal. Lou-Ark Equipment Rentals Co., Inc. v. Hong Ah Fong, 355 So.2d 1019 (La.App. 4th Cir. 1978), writ denied 357 So.2d 1167 (1978). However, the finding of an agency and the liability of Katz are based on his ratification of the acts of Briggs and Birnbaum rather than on any claims made by them as purported agents.
Katz’ letter of February 14, 1978, together with the checks for partial payment of Livingston’s bills, clearly show that Katz got the benefit of, acknowledged and partially paid for plaintiff’s work. These facts show the clear and absolute intent required to ratify the acts of Briggs and Birnbaum. Bamber Contractors, Inc. v. Morrison Engineering & Contracting Company, Inc., 385 So.2d 327 (La.App. 1st Cir. 1980).
There is no merit to appellant’s claim of prescription because the action is one in contract and has nothing to do with liens.
Appellant, in a somewhat confusing exception filed after trial, claims that plaintiff has neither a right nor a cause of action. We believe these exceptions relate to the argument presented at trial that Village Square is a partnership in commen-dam rather than an entity owned in indivi-sión by Katz.
If Village Square were a partnership, plaintiff would be required to name the partnership as a party defendant or this court, on its own motion, could raise the peremptory exception of nonjoinder of an indispensable party. LSA-C.C.P. Arts. 737, 927. Venable v. Liberty Mutual Insurance Company, 142 So.2d 639 (La.App. 3rd Cir. 1962).
There is, however, no real proof in the record that Village Square is a partnership. Katz’ testimony and his signature in the letter of February 14, 1978, are the only signs of a partnership’s existence. Furthermore, partnership’s in commendam must be in writing and recorded. LSA-C.C. Art. 2845.
Katz, as record owner, was the proper party defendant. Katz, the self-acknowledged beneficiary of plaintiff’s work, must pay for same.
For the foregoing reasons, the judgment appealed from is affirmed except that the judgment casting Katz for $1,875.65 is amended to read $1,875.55, the adjustment *398 being due to a minor clerical error by the trial court. All costs, both trial and appellate, are to be paid by Samuel B. Katz.
AFFIRMED AS AMENDED.