EDWARDS, Judge.
Plaintiff, McGowan-Rigby, Inc., sued on a note and named Latil & Son, Inc., and D. L. Latil defendants. Plaintiff sought $14,-982.62, eight percent interest, twenty percent attorney fees and all costs.
Judgment was signed in plaintiff’s favor and against Latil & Son, Inc., granting plaintiff relief as prayed for. Plaintiff’s demands against D. L. Latil, individually, were dismissed. From that judgment, plaintiff appeals. We affirm.
The note at issue was made to cover a corporate debt owed by Latil & Son to plaintiff. It was both signed and endorsed
“Latil & Son
D. L. Latil”
In written reasons for judgment, the trial court stated that “when Mr. Rigby (president of McGowan-Rigby) received the note he knew D. L. Latil was signing as agent for Latil & Son.” For that reason Latil was not held personally liable.
LSA-R.S. 10:3^403 provides
“(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
(2) An authorized representative who signs his own name to an instrument
(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity.” (emphasis supplied)
Testimony of plaintiff’s own agent, Charles L. Rigby, clearly shows that when D. L. Latil signed the note, it was as agent for Latil & Son, Inc., not as an individual. Rigby testified that, contrary to Rigby’s wishes, Latil insisted on signing the note Latil & Son. Rigby had not wanted the name Latil & Son on the note because he wished for D. L. Latil to be personally liable. Rigby’s admission that “That’s the only way he would sign it” proves that Latil never intended to be individually liable, alleged verbal guarantees to the contrary notwithstanding.
Despite failing to show his representative capacity, under LSA-R.S. 10:3 — 403(2)(b) D. L. Latil is not personally liable on the note. The trial court judgment was correct and will be affirmed. All costs of this appeal are to be paid by McGowan-Rigby Supply, Inc.
AFFIRMED.