YELVERTON, Judge.
This is a suit for a real estate agent’s commission on the sale of about 200 acres of immovable property. The case was presented to a jury on special interrogatories. The jury answered the questions in plaintiffs favor, based on which the trial court signed a judgment for the commission due, and the defendants appealed. We affirm.
The basic facts are fairly simple and are not disputed. Flagg Properties, Inc., of Lafayette, Louisiana, became the listing agent under a written instrument entitled “Authorization to Sell”, dated December 7, 1981, signed by Joel Comeaux, Lee Young, and W.A. Darling, as owners, of the property known as “South La. Stud Farm”, consisting of about 200 acres near Opelousas, in St. Landry Parish. By this agreement Flagg Properties was authorized by Comeaux, Young and Darling to sell the property for a commission. The primary term of the listing agreement was from December 7, 1981, to March 30, 1982. The agreement provided that if within six months from the expiration of the primary term, a sale occurred to prospects to whom the agent had personally shown the property, the commission would be due.
On March 26, 1982, which was just before termination of the primary term of the agreement, Flagg Properties wrote a letter to Lee Young, Joel Comeaux and Bill Darling, naming the people who had been contacted by Flagg Properties concerning the sale. The list of the contacted prospects included Ken Quirk, Paul Patout (an error; intended “Potier”), and John Franks.
On July 20, 1982, South Louisiana Stud, Inc., a corporation, through its duly authorized President, Lee Young, entered into a buy-sell agreement with Kenneth S. Quirk and W. Paul Potier, for 79.27 acres of the South La. Stud Farm for $1,500,000. This instrument also gave the purchasers a “right of first refusal” of the remaining 117.71 acres of the tract.
A sale of the entire acreage, 196.98 acres, by South Louisiana Stud, Inc. occurred on September 10, 1982, to nine vendees, three of whom were Kenneth S. Quirk, W. Paul Potier, and John Franks, for $2,500,000.
At all times, Lee Young, William Darling and Joel Comeaux were the sole and only stockholders in South Louisiana Stud, Inc. and in that capacity they acknowledged, approved and ratified, on September 8, 1982, a resolution authorizing the above sale to Kenneth S. Quirk, et al.
Flagg demanded a commission on the sale, which was refused, and this suit followed.
The jury heard the evidence, and on a verdict sheet consisting of two special interrogatories unanimously indicated these two findings:
1. Joel Comeaux, Lee Young and William A. Darling acted individually [NOT in a representative capacity on behalf of South Louisiana Stud, Inc.] in the negotiation and execution of the authorization to sell by South Louisiana Stud, Inc. to Flagg Properties, Inc.
*131 2. Flagg Properties, Inc., through its agents, personally showed the property to Kenneth S. Quirk or to Paul Potier.
Pursuant to this verdict, the district court signed a judgment in favor of Flagg Properties, Inc., against Joel Comeaux, Lee Young, and William A. Darling, in solido, for $200,000, with interest from October 4, 1982, and costs.
It is this judgment which the three defendants have appealed, assigning the following errors, reproduced here in their language:
“The jury erred as follows:
“(1) In rendering a verdict against South Louisiana Stud, Inc. notwithstanding the uncontradicted testimony of plaintiffs representative, Augie Tam-mariello, as well as defendants’ witnesses, Dr. Kenneth Quirk and Wilbert Potier, that the property was not personally shown to the purchasers as required by the Authorization to Sell, and that they were agents only.
“(2) In rendering a verdict against Lee Young, Joel Comeaux and William A. Darling, notwithstanding the uncontra-dicted testimony that they notified plaintiff that the corporation was the owner of the property described in the authorization to sell.
“(3) In rendering a verdict in solido against defendants were [sic] the agreement did not expressly provide for in solido liability.”
We will dispose of assignment of error number three summarily, because in its brief appellee agrees that the individual appellants should be held jointly rather than solidarily liable for the debt, and we will amend the judgment accordingly.
In addition to the two other assignment of errors listed above, in the body of their brief appellants complain that one of the interrogatories submitted to the jury was unclear. They argue that, as presented, the first interrogatory leaves it unclear as to whether the three individual defendants were acting “individually on behalf of South Louisiana Stud, Inc.” or “in a representative capacity on behalf of South Louisiana Stud, Inc.” We will dispose of this argument summarily also, because, in our opinion, the jury could not have been confused about the nature of that interrogatory. The question was:
“1. Did Joel Comeaux, Lee Young and William A. Darling act, individually or in a representative capacity, on behalf of South Louisiana Stud, Inc. in the negotiation and execution of the authorization to sell by South Louisiana Stud, Inc. to Flagg Properties, Inc.?”
Under the question, on the verdict sheet, appeared the following:
“CIRCLE PROPER FINDING
“Individually
“In a representative capacity.”
The jury circled “individually.” Not only was the factual distinction in the question itself clear, but in its instructions to the jury, the trial' court clearly explained the distinction. Moreover, while the closing arguments are not in the record, we cannot believe that the attorneys failed to argue and explain this interrogatory, since it was one of only two making up the issues presented to the jury. Finally, we note that no contemporaneous objection was made by the defendants as required by C.C.P. art. 1793. This argument has no merit.
This brings us to the two primary arguments presented on appeal.
1. Did Flagg, through any of its agents, personally show the property to Kenneth S. Quirk or to Paul Potier?
2. Are the appellants personally liable for the commission owed under the authorization to sell?
ISSUE NO. 1
The jury made a specific finding of fact that Flagg Properties personally showed the property to Kenneth Quirk or to Paul Potier. Such a finding of fact will not be disturbed on appeal absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
*132 There was evidence that in February-1982, Mr. Tammariello, an agent for Flagg Properties, received a telephone call from Paul Potier concerning his interest in purchasing the property. Mr. Tammariello met with Mr. Potier and Mr. Quirk who stated they were very familiar with the property, and visited it regularly. The agent provided the two men with information concerning the property and gave them one of the brochures, including aerial photographs, prepared by Flagg Properties describing the property in detail. The agent asked the two men if they would like to be taken to the property, but they declined, explaining that they went on the property on a regular basis and were very familiar with it. The two men also did not want Mr. Young to know they were interested in purchasing the property at that time. The agent continued to work with the two men.
Under these facts we cannot say that the jury’s finding that Flagg Properties personally showed the property to Paul Potier or Kenneth Quirk was manifestly erroneous. The jury was justified in concluding that there was substantial compliance with the “showing” requirement under these circumstances, where one of the prospects, a veterinarian, went on the property on a daily basis, and the other visited it at least weekly, and both wished to avoid a visit in the company of Flagg’s agent, to conceal their present interest in buying. The jury might also have been influenced by the thoroughness of Flagg’s brochure, which, in addition to containing aerial photographs, provided details of improvements on the premises that probably were not previously known by the two prospects.
ISSUE NO. 2
The jury made a specific finding of fact that Comeaux, Young and Darling signed as individuals, and not as representatives of a corporation, when they gave Flagg the written authorization to sell. This finding of fact comports with the documentary evidence. No mention is made of the corporation in the Authorization to Sell.
The argument of appellants seems to be that under no circumstances can a listing agreement, signed by all of the stockholders of a corporation, for the sale of property which is owned by the corporation, be enforceable against the contracting stockholders personally. We have been shown no authority, statutory or jurisprudential, indicating that such a contract is not enforceable against the individuals. It was a question of fact for the jury to determine, whether they were signing individually or as representatives of a corporation. Our standard of review of this fact finding is governed by the well established rule of Canter v. Koehring Co., supra.
Appellants testified that, while they signed as individuals, they really meant to be signing as representatives of the corporation and that they explained this to the Flagg representative when their signatures were affixed.
However, other evidence showed that they entered into the contract in their individual capacities, and not as representatives of the corporation.
Mr. Tammariello testified that he did not recall being told the corporation owned the property and that he considered the individuals the owners. The brochures drawn up by Flagg Properties describing the property listed the three individuals as title owners of the property. Mr. Michael Pollock testified that at a meeting he attended the three individuals were represented to be the owners of the property. Most important, however, as indicated earlier, the contract is signed by the three men in their individual capacities and not as representatives of the corporation.
Based on this evidence we cannot find that the jury was clearly wrong in finding the three men had signed individually and not in their representative capacity. Co-meaux, Young and Darling are therefore personally liable for the commission owed under the Authorization to Sell.
For these reasons the judgment of the trial court is amended to award judgment in favor of plaintiff, Flagg Properties, Inc. *133 against the defendants, Joel Comeaux, Lee Young and William Darling jointly, rather than in solido, for the sum of $200,000 with interest from October 4, 1982, and costs. In all other respects the judgment is affirmed at defendant’s costs.
AMENDED, AND AS AMENDED, AFFIRMED.