LD OWNING, J.
Faivaimoana Fishing Company, Inc., hereinafter “Faivaimoana,” defendant/appellant, appeals a judgment that grants Russell Portier, plaintiff/appellee, a permanent injunction enjoining forced arbitration with Faivaimoana. Mr. Portier signed a contract that did not reveal his representative capacity but did contain a mandatory arbitration clause. The trial court found Mr. Portier was not personally liable on this contract.
For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On or about April 9, 1997, Russell Portier signed two contracts with Faivaimoana. The first was entitled, “General Information,” and was a proposal to build a fishing boat to Faivaimoana’s specifications. This contract was specifically made by Russell Portier, Inc. and was signed by Mr. Portier “as agent for the shipyard.” The second contract, entitled, “Builder’s Contract,” obligated the “Builder” to build a boat to certain specifications for a set price. This contract contained a mandatory arbitration clause. This contract specified Mr. Portier as the “Builder” and did not indicate that Mr. Portier was signing in any corporate or representative capacity.
On August 15,1997, Russell Portier, Inc. transferred title to the fishing boat to Fai-vaimoana. The title and bill of sale were executed by Russell Portier as president of Russell A. Portier, Inc.[1]
On April 14, 1999, Mr. Portier filed a petition in the 32nd Judicial District Court asking for injunctive relief and for such other relief to which he was entitled. Mr. Portier complained that Faivaimoana was seeking to impose personal liability on him through arbitration for alleged defects in the Lboat Russell Portier, Inc. built when he was not personally liable for the corporation’s obligations[2]. The trial court entered a temporary restraining order the same day restraining Faivaimoana “from prosecuting its demand for arbitration or seeking any orders or rulings affecting Russell Portier before the American Arbitration Association.”
The matter was heard on the application for permanent injunction on December 10, 1999. After the submission of evidence and argument of counsel, the matter was taken under advisement. On January 25, 2000, the trial court issued written reasons and rendered judgment granting Mr. Por-tier’s “petition for permanent injunction, enjoining arbitration against Russell Portier, individually.”
Faivaimoana appeals from this judgment alleging one assignment of error:
The trial court erred in granting plaintiffs petition for permanent injunction and enjoining arbitration against Russell Portier, individually.
DISCUSSION
The only issue disputed in this litigation is whether Russell Portier *359 signed the Builder’s Contract at issue in his individual capacity or as a representative and agent for Russell Portier, Inc. Whether Mr. Portier signed the Builder’s Contract individually or in his representative capacity is a question of fact for the fact finder to determine. See Flagg Properties, Inc. v. South Louisiana Stud, Inc., 473 So.2d 129, 132 (La.App. 3 Cir.1985). See also Parish National Bank of St. Tammany v. Leath, 633 So.2d 290, 293 (La.App. 1 Cir.1993), and McGowan-Rigby Supply, Inc. v. Latil & Son, Inc., 394 So.2d 1276, 1277 (La.App. 1 Cir.1981). A court of appeal ]4may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Here, the trial court found that Mr. Portier signed the Builder’s Contract in his representative capacity for the corporation, Russell Portier, Inc., even though his signature on the contract did not reflect such. This factual determination is well supported by the record and is not manifestly erroneous or clearly wrong. The “General Information” proposal signed contemporaneously with the Builder’s Contract states that Russell Portier, Inc. is the proposed boat builder. This General Information is signed by Russell Portier in a representative capacity and by Faivaimoana and contains the following clause:
The builder’s contract shall be an attachment, and considered an integral part of this proposal/agreement.
The record reveals previous dealings between Faivaimoana and Russell Portier, Inc., not Russell Portier, individually. The boat broker’s agent, Steve Kokinos, testified that he drafted the contracts and that he inadvertently left Portier’s representative capacity off the Builder’s Contract. Mr. Kokinos testified that Mr. Portier gave Faivaimoana’s president a business card reflecting his corporate capacity. All Mr. Portier’s dealings with Faivaimoana before and after the execution of the Builder’s Contract had been conducted in his corporate capacity until after the disputes between them arose.
1 sThe declarations and representations of an alleged or reputed agent are not admissible evidence to prove the fact of his agency against the principal. Livingston Roofing Co., Inc. v. Katz, 393 So.2d 395, 397 (La.App. 1 Cir.1980).[3] Therefore, we have not considered Mr. Portier’s declarations and representations. Even so, the documents and testimony outlined above provide ample evidence from which the trial court could reasonably conclude Mr. Portier signed the Builder’s Contract in his individual capacity.
Faivaimoana argues and presented evidence that it would not have entered into a contractual relationship with Mr. Portier unless he was personally bound. The trial court, however, disagreed and gave credibility to Mr. Portier’s version of events. When findings are based on determinations regarding the credibility of witnesses, the manifest error—clearly wrong standard demands great deference to the trier of fact’s findings. Rosell v. *360 ESCO, 549 So.2d at 844. The trial court was not manifestly erroneous in crediting Mr. Portier’s evidence over that of Faivai-moana.
After carefully reviewing the record, we find ample support for the trial court’s conclusions. Considering the record in its entirety, we are unable to say that the trial court manifestly erred or was clearly wrong in its determinations.
Faivaimoana also argues that the trial court made an error of law in basing its judgment on a vice of consent: mistake or error. Faivaimoana mischaracterizes the trial court’s non-technical use of the word, “mistake,” in its written reasons. In its reasons, the trial court said:
It is this Court’s opinion that Mr. Portier intended to sign this document as agent for his corporation but the document prepared by Steve Kokinos, broker for Faivaimoana, mistakenly did not designate that Russell Portier was signing as agent.
^Nonetheless, the law provides that a contract may be invalid when consent is vitiated by error, fraud, or duress. La. Civil Code art. 1948. Error vitiates consent only when it “concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.” La. Civil Code art. 1949.
Here, Mr. Portier made no claim of the vice of consent of error/mistake. Mr. Por-tier acknowledges he intended to sign the Builder’s Contract. He does, however, dispute the factual issue of his intended capacity when he signed the document. See Flagg, supra. The trial court decided this factual issue in his favor.
We find no merit in Faivaimoana’s arguments. The trial court was neither manifestly erroneous nor erroneous as a matter of law in finding Mr. Portier signed the Builder’s Contract as agent for Russell Portier, Inc. The trial court, therefore, committed no error in granting Mr. Portier’s petition for permanent injunction and enjoining arbitration against him individually.
CONCLUSION
For reasons stated, the judgment of the trial court is affirmed. Costs of this appeal are taxed to Faivaimoana Fishing Company, Inc.
FITZSIMMONS, J., concurs.
AFFIRMED.

. At trial, Mr. Portier testified the name of his corporation is "Russell Portier, Inc.”

. The record reflects that Faivaimoana originally sought arbitration against Russell Portier, Inc. on or about June 3, 1998. On April 14, 1999, Faivaimoana amended its arbitration complaint to add, not substitute, Russell Portier, individually, as a party to arbitration before the American Arbitration Association.

. See also Patrick v. Patrick, 230 So.2d 759, 762 (La.App. 2 Cir.1970), and cases cited therein.